# EDWARD E. UPHAM *& al. vs.* SAMUEL A. BRADLEY.

It is only where it is apparent on the record that the Court has not jurisdiction, that the writ or process will be abated *on motion.*

The Court will not, therefore, on motion, dismiss a petition for partition, because it is not therein alleged that the land lies within the county.

An objection to the ability of a petitioner for partition to appear and prosecute, can only be taken advantage of by plea in abatement.

A mortgagor in possession may maintain a petition for partition.

If one of several petitioners for partition, after the process is pending, conveys his share of the estate to a third person, the respondent cannot give that fact in evidence under the general issue, but only under a special plea or brief statement.

Two or more tenants in common may join in a petition for partition, and have their proportion of the land assigned to them, to be holden between themselves in common.

The requisitions of the *stat.* 1838, *c.* 345, that the lands reserved for public uses shall be set off before partition, may all be complied with in making the partition.

It is not necessary that an attorney at law, regularly admitted to practice, should produce evidence of his authority to appear and represent a party.

EXCEPTIONS from the Court of Common Pleas, PERHAM J. presiding.

This was a petition for partition of a township of land, the petitioners claiming one third part, entered at the *January Term,* 1837. The respondent came in, and at the *January Term,* 1838, moved to dismiss the process, and on the motion being overruled, filed a plea of sole seizin of the premises, traversing the seizin of the petitioners, and filed the following brief statement. That the said petitioners at the time of prefering their said petition were not and now are not seized and possessed jointly of one third part of said township as tenants in common and undivided. Further, that said petitioners at the time of prefering their said petition were not, and now are not, seized and possessed of any portion of said township. Further, *that the* one thousand acres reserved for public uses mentioned in said petition, were not at the time of prefering said petition, nor as yet have been, set apart for public uses. And further, that by the said petition it does not appear, that said township is situated within the county of *Penobscot,* or any other county

in the State of *Maine*, and that the said Court, sitting in this county, has no jurisdiction over the subject matter of said petition. The trial was at the *January Term*, 1839, and a verdict was returned that the petitioners were seized of one third part of the township. The respondent filed exceptions.

The proceedings at the trial, and the facts pertinent to the proper understanding of the case, will be found in the opinion of the Court.

The arguments were in writing.

*Kent*, for the respondent, contended in his argument : —

1. The petition should have been dismissed on motion, as not containing matter enough to give the court jurisdiction, it not appearing affirmatively that the land of which partition is prayed is within the county of *Penobscot*. The *stat.* 1821, c. 37, § 2, provides, that the party may make application to the court of the county where the land lies. *Farrington* v. *Blish*, 14 *Maine R.* 423 ; *Little* v. *Thompson*, 2 *Greenl.* 228. As this is a local action, the venue is not mere matter of form. *Trevor* v. *Wall*, 1 *T. R.* 151. A formal plea is not necessary, it may be by motion. *Hathorne* v. *Haines*, 1 *Greenl.* 245 ; *Blake* v. *Freeman*, 13 *Maine R.* 130 ; *Cowper*, 410.; 2 *East*, 499. The objection that the motion or plea comes too late, is answered first, that it is a motion, and not a plea in abatement ; and second, that in a process of this description, a respondent may come in, and make his motion or file his plea at any time before final judgment.

2. The objection that no proof was exhibited, that the person acting for the petitioners was their duly authorized agent or attorney, should have been sustained. *Colton* v. *Smith*, 11 *Pick.* 311 ; *Procter* v. *Newhall*, 17 *Mass. R.* 91 ; *Cox* v. *Hill*, 3 *Hammond*, 409 ; *Kimmel* v. *Kimmel*, 5 *Sergt. & R.* 294.

3. Our great objection, so far as the direct merits of the case are concerned, is the ruling of the Judge, that partition could be made as prayed for, viz. one third part to be set off to the petitioners to hold in severalty, they holding different proportions by distinct titles. The petitioners cannot amalgamate their several distinct titles, and add them together, and then ask to have that third set off to them to hold in severalty. We admit that the petitioners may join in the petition, but they ought so far to sever therein as to ask to have

each man's share set off to him. The object of the statute is to dissolve and not to create tenancies in common. Here the doctrine relative to partition was reviewed by the counsel, and the following cases cited. *Symonds* v. *Kimball*, 3 *Mass. R.* 302; 2 *Cruise's Dig. Tit.* 19, § 20; *Booth on Real Actions*, 244; *Com. Dig. Tit.* 18, § 32; *Cook* v. *Allen*, 2 *Mass. R.* 469.

4. The public lands have not been set off, as required by *stat.* 1838, *c.* 345, § 2, or the taxes paid. It is proper however to admit that this petition was pending before the statute passed.

*J. Appleton,* contended, in his argument for the petitioners: —

1. The objection is not that the land does not lie within the county, for it does, but that it is not alleged in the petition to be within the county. The Court here have jurisdiction, and it is unnecessary to make such allegation to give it to them. *Sewall* v. *Ridlon*, 5 *Greenl.* 459. The Court take notice of the boundaries of counties. 4 *Gill. & John.* 63. The motion to dismiss for want of jurisdiction was made too late. All pleas in abatement, or motions in the nature of abatement must be, by the rules, filed the first term.

2. The authority of a regular attorney of the court to appear, is not to be questioned, and he cannot be compelled to show it. 7 *Har. & John.* 275; 10 *Martin*, 638; 9 *Martin*, 88; 6 *Johns. R.* 302; *ib.* 34; 7 *Pick.* 137. The objection was made too late. *Knowlton* v. *Inhabitants of No.* 4, 2 *Shepl.* 20; *Pen. Boom Cor.* v. *Lamson*, 4 *Shepl.* 224.

3. The object of the statute is *not* to "dissolve and not create tenancies in common," as is asserted for the respondent. It is to make partition of land, and to make it as desired by those interested. Such is the manifest provision of the statute, and such has been the practice under it. 3 *Fairf.* 143; 5 *Greenl.* 459.

4. The statute passed after this petition was pending, cannot affect this case. If it were applicable, the public lands may be set off by the commissioners, before the partition is made between the owners.

5. To have partition made, the statute only requires the petitioner to be interested. The owner of an equity has an interest, and partition may be had of the whole fee, or any portion of it.

6 *Ves.* 498; 15 *Mass. R.* 155; 1 *Paige,* 469; 3 *Fairf.* 399. If the respondent intended to have taken advantage of the conveyance of a portion of the interest of the petitioners, after the process was pending, it should have been done by plea *puis darrein continuance.* 1 *Chitty's Pl.* 530. All actions are to be tried on the title as it existed at the institution of the suit, and if any matter of defence subsequently arises, it must be specially pleaded. 11 *Mass. R.* 299; 4 *East,* 503; 13 *Mass. R.* 472.

The opinion of the Court, was drawn up by

SHEPLEY J. — It appears from the exceptions, that the petitioners filed their petition in this county, praying that one third part of the township designated as letter B in the seventh range of townships, from the easterly line of the State, might be set off to them. The township was within the county, but it was not so alleged in the petition; and for this cause the respondent's counsel moved the Court to dismiss it for want of jurisdiction. *It is only where it is apparent on the record, that the Court has not jurisdiction, that the process will be abated on motion.* *Gage* v. *Gannet,* 10 *Mass. R.* 176. It not appearing in this case affirmatively by the description that the lands were not within the county the motion was properly denied.

At the trial, an objection to further proceedings was interposed for want of proof, that the person who signed the petition as attorney for the petitioners, was duly authorized to do so; and the objection was not sustained by the Court. This Court has decided, that it is not necessary in our practice, that an attorney should produce evidence of his authority to appear and represent a party; the fact that he is admitted to practice as such being sufficient. *Boom Corporation* v. *Lamson,* 16 *Maine R.* 224. If the objection extends further, it must be in the nature of a plea to the ability of the petitioners to prosecute, which can only be taken by a plea in abatement; and it was not open to the respondent under the plea and brief statement which had been filed.

It was made a point of the defence by the brief statement, that the lands reserved for public uses had not been set off. The second section of the *stat.* 1838, *c.* 345, applies to process thereafter

to be commenced; and the requisitions of the law may all be complied with in making the partition.

Nor can the fact, that some of the petitioners have conveyed their interest in mortgage be interposed by the respondent to prevent their share from being assigned to them. Between the parties to a mortgage and their assigns the title is in the mortgagee or his assigns; but with respect to strangers to the mortgage, the mortgagor in possession is regarded as the owner of the estate, and so seized of it as to enable him to convey it, or to maintain a real action counting upon his own seizin. *Wellington* v. *Gale,* 7 *Mass. R.* 138. Such title was sufficient to prove the issue of seizin, and to entitle the petitioners to a decision of it in their favor.

Since the commencement of the process, two of the petitioners have conveyed their interest to a third person, but this fact is not by the plea or brief statement made a matter of defence; and unless it can be received under the general issue, the respondent cannot avail himself of it. It has been decided, that in a writ of right every thing but collateral warranty may be given in evidence under the general issue. *Poor* v. *Robinson,* 10 *Mass. R.* 134. But in actions of entry the defendant under the general issue can give in evidence a title, under which he does not claim, only to defeat the seizin of the plaintiff, which has reference to the time of the commencement of the suit. If it does not have this effect of defeating the plaintiff's seizin, it must be pleaded in bar. *Walcot* v. *Knight,* 6 *Mass. R.* 419. As the respondent has not put this fact in issue, he can have no advantage from it; and no injury can happen from permitting the petitioners to prosecute, as their grantee has recognized their right to do it.

The respondent denies the right of several persons to join and have their proportion assigned to them to be holden as between themselves in common. It is provided by *stat.* 1826, *c.* 347, *s.* 7, that two or more tenants in common may join or sever in petitions for partition; and the answer to that part of the brief statement which alleges, that the petitioners were not jointly seized may be, that the statute does not require it, but permits such a joinder in the suit without regard to the character of the title. The statute *c.* 37, authorizes " the share or shares of the party applying for the same to be set off and divided from the rest," and it does not re-

quire, that the share of each petitioner shall be assigned to him to be held in severalty. The manner in which the petitioners shall continue to hold among themselves after the partition is made can be of no importance to the owner or owners of the part remaining; and it is not a matter which they are authorised by the statute to put in issue. Nor is it put in issue by the pleadings in this case. The manner in which the partition shall be made can properly arise only on the report of the commissioners. It may appear by their return, that the estate cannot be subdivided without great inconvenience, and it may all be assigned to one, as provided in the ninth section of the statute; or it may be made in certain cases by assigning the use or profits for certain periods as stated in *Hanson* v. *Willard,* 3 *Fairf.* 147. One object of the statute appears to have been to avoid the inconvenience which exists under the writ of partition, of having all the shares in the tenancy assigned; and another, that of enabling one or more of the tenants to relieve themselves from difficulties, to which they might be subjected on account of the character or situation of their associates. But there is no indication, that it was the policy of the law to destroy tenancies in common, except where some one or more of the associates desired it. And there does not appear to be any provision of the statute which deprives the persons petitioning from framing their petition to suit their own convenience so far as it respects the future occupation of the portion to be assigned to them.

*Exceptions overruled.*