## No. 10,564.

BUCKMASTER, ET AL. v. WILLIAMS, ET AL.

Decided February 5, 1923.

Action on bond of county commissioner.  Judgment for plaintiffs.

*Affirmed.*

*On Application for Supersedeas.*

1.  PLEADING—*Capacity to Sue—Special Plea.*  Unless the right to sue be put in issue by special plea, the question is waived.  A general denial admits plaintiff's authority, capacity and character in which he sues.

2.  *Abatement.*  Matters in abatement must be set up by special plea.

3.  PAYMENT—*Illegal—County Commissioners.*  Payments made to a county commissioner in violation of law are illegal, and although he may have rendered value for the money received, he has no right to retain it.

*Error to the District Court of Morgan County, Hon. H. E. Munson, Judge.*

Mr. ISAAC PELTON, Mr. JOHN F. MAIL, for plaintiffs in error.

Mr. CHALKLEY A. WILSON, Mr. J. M. TAYLOR, for defendants in error.

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

THE plaintiffs in error were defendants in an action upon a bond given by Buckmaster as county commissioner upon which the other plaintiff in error was surety.  The plaintiffs had judgment and the case is now here on writ of error, which we are asked to make a supersedeas.

The action is brought under section 1249 R. S. 1908, upon the ground that the commissioner had violated the provisions of the bond in that he had, while in office, presented bills to the board of county commissioners of the county, and had them allowed and paid for services rendered to the county, outside of his official duties, and for expenditures in behalf of the county.

The complaint alleged that the plaintiffs were taxpayers of Washington county, and that they were willing to be responsible for the cost of the suit, as required by the statute to entitle them to sue. The answer was a general denial. The defendants declined to offer any evidence. The case was tried to the court which found that payments had been made to the defendant Buckmaster to the amount of $681.37, in violation of the statute.

On the argument in the trial court the defendants contended that the plaintiffs had not shown legal capacity to sue. They now contend that the general denial was sufficient to put the plaintiffs upon proof of the allegation that they were taxpayers of the county, the trial court having ruled against them upon that proposition.

As to this question, we find no direct authority in the decisions of this state. The general rule appears to be that unless the right to sue be put in issue by a special plea, the question is waived. It is in the nature of a dilatory plea which is universally held to be necessary to raise the question. This court has held that matters in abatement must be set up by special plea. *Wakeman v. Norton,* 24 Colo. 192, 49 Pac. 283; *Hukill v. McGinnis,* 70 Colo. 455, 202 Pac. 110.

In 31 Cyc. at page 171 it is said: "Matters going to the personal capacity or to the ability of plaintiff to sue must ordinarily be presented by plea in abatement." And at page 207 it is said: "The general issue or general denial admits plaintiff's authority and capacity and the character in which he sues."

In 1 Encyc. Pl. & Pr. p. 827, it is said: "The general denial does not perform the functions of a plea in abate-

ment." And cases are cited to the effect that a general denial does not raise an issue upon the right of the parties to sue where such right is alleged in the complaint. See also *Wright v. Wright,* 54 N. Y. 437; *Wade v. State,* 37 Ind. 180; *Upham v. Bradley,* 17 Me. 423; *White v. Moses,* 11 Cal. 69.

In *Society, etc. v. Town of Pawlet,* 4 Peters, (U. S.) 480, 7 L. Ed. 927, opinion by Justice Story, it is said that "The general issue admits not only the competency of the plaintiffs to sue, but to sue in the particular action which they bring."

Counsel for plaintiffs in error contend that there is here involved the question of plaintiffs' right to sue rather than their capacity to sue. This is so only in case we consent to regard a right to sue as synonymous with a right of action. It cannot be so regarded. That there is a right of action in this case in the plaintiffs if they are in fact taxpayers cannot be denied. The question here is, have the plaintiffs present capacity to litigate that right. The allegation that they are taxpayers, if denied, presents an issue wholly apart from anything involved in the cause of action. A determination of that issue has no bearing upon the main case. If it be found that plaintiffs are not taxpayers, the action abates, and they may bring another action for the same relief whenever they become taxpayers. It is a question, therefore, to be raised by a plea in abatement.

In *California Steam Nav. Co. v. Wright,* 8 Cal. 585, it is said that a general denial relates to the facts alleged concerning the controversy and not to the capacity to sue; that want of capacity is a distinct defense to be separately stated.

In *Dutcher v. Dutcher,* 39 Wis. 651, it is said: "Judgment for the defendant upon a general denial, is a general judgment; a bar to all future actions for the same cause. And it would be a cruel abuse that it should go upon a defense in abatement, concealed *in gremio*. The code intended no such perversion of justice. And it is well settled

in this court, that matter in abatement, not apparent in the complaint, must, like other special defenses, be specially pleaded in the answer."

While it is true, as counsel contend, that in one or two jurisdictions capacity has been limited to legal disability, such as infancy, coveture, etc., the great weight of authority is to the contrary.

The court did not err in rejecting defendants' claim that the plaintiffs had failed to support their complaint because they had not proved that they were taxpayers.

It is further contended that inasmuch as the county may have received, or, as counsel assert, must be presumed to have received, value for the payments, it could not have suffered any damage. The court held that inasmuch as these payments were in violation of law, the money paid was illegally paid and the defendant, Buckmaster, had no right to retain it. We think the court was right in that position.

The judgment is accordingly affirmed.

MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL concur.