483 P.2d 1361 (1971)
NORTHWEST DEVELOPMENT, INC., a Colorado corporation, Robert C. Goehl, Avis B. Goehl, William A. Hoover, Phyllis B. Hoover, Kenneth L. Kroh, Maxine F. Kroh, Martin Romain, and Lorraine L. Romain, Plaintiffs in Error,
v.
Chauncey M. DUNN and C. M. Dunn, Inc., a Colorado corporation, Defendants in Error.
No. 71-028, (Supreme Court No. 24036.)
Colorado Court of Appeals, Div. I.
April 13, 1971.
*1362 Hutchinson, Black & Hill, James W. Buchanan, Robert G. Mistler, Boulder, for plaintiffs in error.
Alperstein & Plaut, Arnold Alperstein, Lakewood, for defendants in error.
Selected for Official Publication. 
DWYER, Judge.
This case was transferred from the Supreme Court pursuant to statute.
The parties appear here in the order of their appearance in the trial court and are referred to by their trial court designations or by name.
On October 9, 1968, a complaint was filed by Northwest Development, Inc., and the individual plaintiffs against Chauncey M. Dunn and C. M. Dunn, Inc. Defendants filed a motion to dismiss, which was sustained by the trial court. Plaintiffs seek reversal of the judgment dismissing the action.
The complaint alleges that Northwest Development, Inc., was a Colorado corporation organized March 22, 1962, and dissolved October 5, 1967; that the corporation is authorized to prosecute this action in its corporate name by C.R.S.1963, 31-8-22; and that the individual plaintiffs are stockholders of the corporation. The complaint alleges that at the time of the transactions complained of, Chauncey M. Dunn was a stockholder, officer and director of Northwest, and that Dunn also controlled the defendant corporation, C. M. Dunn, Inc., a real estate brokerage firm.
The complaint, in seven separately stated claims, seeks recovery for damages allegedly sustained by the corporation as a result of certain transactions with respect to the real estate owned by the corporation, by which the defendant Dunn allegedly defrauded the corporation. It is alleged that Dunn, acting in his fiduciary capacity on behalf of Northwest, and as an agent for defendant C. M. Dunn, Inc., negotiated a sale of a tract of Northwest's land to an oil company for $47,500. Dunn represented to the corporate officers that the land sold comprised two tracts described in the complaint, when, in fact, only one tract was sold to the oil company. Dunn then induced the corporate officers to execute two deeds which contained no legal description. He represented that he would insert the appropriate descriptions in the deeds, and that he would use one deed to close the sale with the oil company and the other to convey a strip of land to the county for a road. Instead, Dunn used the second deed to convey to himself one of the tracts of land which he had represented was to be conveyed to the oil company. The complaint alleges that the tract so acquired by Dunn had a market value of $25,000.
It is alleged that when the stockholders decided to liquidate the corporation, Dunn *1363 purchased a tract of land described in the complaint for the sum of $15,000, which sum he represented was a fair market price; that the tract, in fact, had a fair market value of $38,000; that the representation was made by Dunn with the knowledge that it was false and with the intent to induce the corporation to sell the land to him for less than its full value; and that Northwest, in reliance upon the representation, sold the tract of land to Dunn for $15,000, and was thereby damaged in the amount of $23,000.
The complaint also alleges that because of Dunn's breach of his fiduciary duty in connection with the transaction, Northwest is entitled to recover the $4,750 commission collected by C. M. Dunn, Inc., on the sale of the property to the oil company.
The motion to dismiss filed by the defendants does not separately attack the various claims for relief, but asks dismissal of the action on the grounds that the complaint fails to state a claim upon which relief can be granted and fails to comply with the provisions of R.C.P.Colo. 9(f) and (g), 9(b), 12(b)(6), and 23(b).
The first question is whether the corporation has stated a claim upon which relief can be granted.
The corporation, although dissolved, is authorized by statute to prosecute this action in its corporate name. C.R.S. 1963, 31-8-22. Furthermore, neither the legal existence of a party, nor its capacity to sue can be challenged by motion to dismiss for failure to state a claim. Such issue can be raised only by specific negative averment, and the issue, when so raised, becomes an issue to be settled on the trial of the matter. R.C.P.Colo. 9(a) (1).
The averments of the time and place of the transaction complained of are sufficient to satisfy the requirements of R.C.P. Colo. 9(f). The circumstances constituting fraud are stated with sufficient particularity to satisfy the requirements of R.C.P. Colo. 9(b). The alleged fraud is pleaded with sufficient definiteness to advise the defendants of the claim which they must meet. Although R.C.P.Colo. 9(b) requires particularity in averments of fraud, it does not require detailed allegations of evidentiary facts. 1A W. Barron and H. Holtzoff, Federal Practice and Procedure, § 302 (Rules Ed.).
This complaint was filed by the corporation. It is not a secondary action by shareholders and, accordingly, the complaint need not comply with the requirements of R.C.P.Colo. 23(b). The stockholders are neither necessary nor proper parties, and the failure of the complaint to name all of the stockholders as parties plaintiff does not, as defendants claim, render the complaint fatally defective for failure to join an indispensable party. R. C.P.Colo. 12(b)(6).
There remains for consideration the question of whether the named individual plaintiffs have stated a claim upon which relief can be granted. The complaint alleges only that the individual plaintiffs are shareholders of the corporation and that the corporation sustained damages as a result of defendants' actions. Plaintiffs, as individual shareholders, have suffered no individually redressable injury thereby, and their complaint was properly dismissed because it stated no claim upon which they were entitled to relief.
Accordingly, the judgment dismissing the action as to the individual plaintiffs is affirmed; the judgment dismissing the action as to the corporation is reversed; and the cause is remanded to the trial court with directions that the complaint of the corporation be reinstated with leave to the defendants to plead further as they are advised.
COYTE and PIERCE, JJ., concur.