524 P.2d 645 (1974)
SNOWMASS AMERICAN CORPORATION, a Delaware corporation, and Melton Ranch Homeowners Association, Inc., a Colorado corporation not for profit, Plaintiffs-Appellees,
v.
Harold SCHOENHEIT, Defendant-Appellant.
No. 72-324.
Colorado Court of Appeals, Div. I.
July 2, 1974.
*646 Holland & Hart, James T. Moran, Aspen, for plaintiffs-appellees.
Stephen A. Ware, Aspen, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
Plaintiffs brought suit seeking a temporary restraining order and preliminary and permanent injunctions requiring defendant to cease construction on his residence pending review of his plans and specifications by the subdivision's Architectural Control Authority in accordance with restrictive covenants applicable to his property. After a hearing, the trial court entered judgment against defendant for a permanent injunction, costs, and attorney's fees. We affirm the judgment of the trial court.
The parties entered an extensive stipulation of facts which established, inter alia, that:
1. Defendant was the owner of a lot in a subdivision at plaintiff Snowmass American's ski resort.
2. The lots in that subdivision were subject to extensive restrictive covenants that gave broad discretion to an Architectural Control Authority to approve or disapprove structures on the lots of the subdivision.

*647 3. The covenants delineated detailed objectives for the Architectural Control Authority. These objectives were primarily concerned with integrating and harmonizing structures so as to preserve and enhance the natural beauty of the subdivision.
4. In October 1971, defendant delivered to the Architectural Control Committee a proposal for certain improvements to his property, and subsequently began construction of the improvements without gaining the approval of the Architectural Control Committee.
As a result of this failure to obtain written approval, this action was initiated.
On appeal, the defendant challenges the standing of the plaintiffs to bring the suit; the authority of the Committee to exercise control over the design of the buildings in the subdivision; and the finding that the restrictive covenants provided sufficiently detailed criteria and procedures with respect to the minimum requirements necessary for approval of his plans.

I.
Defendant first contends that the trial court erred in its ruling that Snowmass American Corporation had standing and capacity to bring suit to enforce a restrictive covenant. He cites Rooney v. Peoples Bank, 32 Colo.App. 178, 513 P.2d 1077 for the proposition that the right to enforce restrictive covenants in a subdivision is limited to the owners of land in that subdivision. However, the Rooney case is inapplicable because the record discloses that Snowmass American Corporation owned property in the subdivision at the time of commencement of this action and the covenants expressly stated that Janss, Snowmass American's predecessor in title, could enforce them. Thus, the trial court correctly ruled that Snowmass American Corporation had capacity and standing to enforce the restrictive covenants.
Defendant next contends that the trial court erred by granting the motion of Melton Ranch Unit One Homeowners Association to intervene in the action and that the Homeowners Association lacked capacity to intervene because there was no evidence of authorization in the record. Defendant's contentions on this issue are without merit.
Whether the defendant's arguments are viewed as a challenge to the capacity of the Homeowners Association to bring suit or as a matter in avoidance, they should have been specifically pleaded. See C.R.C.P. 9(a)(1) and 8(c). Since defendant failed to plead any issue concerning the capacity or authority of the Homeowners Association to bring suit, he cannot raise it for the first time after trial. See Buckmaster v. Williams, 72 Colo. 593, 212 P. 977; Northwest Development, Inc. v. Dunn, 29 Colo.App. 364, 483 P.2d 1361.

II.
Defendant next contends that the Committee lacks authority to approve or disapprove building construction because the covenants contemplate the eventual assignment or delegation of such authority to the Homeowners Association and that Snowmass American Corporation has not made the assignment in a reasonable time. However, defendant stipulated to the authority of the Architectural Control Committee, and thus cannot now claim that the Committee lacks the requisite authority.

III.
Finally, the defendant asserts that the trial court erred in its finding that the protective covenants provide sufficiently detailed criteria and procedures to ensure against arbitrary decisions by the Committee and the finding that the Committee acted in a reasonable manner. We disagree with his contentions.
Our Supreme Court considered the question of the validity and means of enforcement of restrictive covenants in Rhue v. Cheyenne Homes, Inc., 168 Colo. 6, 449 P.2d 361. In that case, the court said:
"So long as the intention of the covenant is clear (and in the present case it is *648 clearly to protect present and future property values in the subdivision), covenants such as the one before us have been upheld against the contention that they lacked specific restrictions providing a framework within which the architectural committee must act.
. . . . . .
While we have here enunciated the proposition that the covenant requiring approval of the architectural committee before erection of a house in the subdivision is enforceable, we point out that there is a corollary to that proposition which affords protection and due process of law to a purchaser of a lot in the subdivision, namely, that a refusal to approve plans must be reasonable and made in good faith and must not be arbitrary or capricious."
See generally Annot., 40 A.L.R.3d 864.
In the instant case the restrictive covenants impose definite criteria upon the Architectural Control Committee and specifically state the objectives of the covenants. The stated intention of the covenants is, ". . . for the purpose of establishing and maintaining said property as a prime mountain residential area of the highest possible quality and value for the purpose of enhancing and protecting its value, desirability and attractiveness." Thus, the trial court's conclusion that the restrictive covenants sufficiently set forth the intentions and criteria to be followed by the Architectural Control Committee will not be disturbed.
The determination of whether the exercise of power by the Architectural Control Committee has been reasonable or arbitrary is a factual question. La Vielle v. Seay, 412 S.W.2d 587 (Ky.Ct.App.). In the instant case, the trial court found that the action of the Architectural Control Committee was reasonable and made in good faith. The record discloses that each homeowner was sent a pamphlet setting forth the procedures and criteria for obtaining architectural approval. It further appears that defendant and the Committee engaged in a prolonged series of consultations about his proposed construction and that the Committee gave him written notice of the reasons for its disapproval. One member of the Committee testified with respect to the marked negative effect that defendant's construction would have on the property value in the area, and the spoiling of land and vegetation caused by defendant's construction. Another member of the Committee testified with respect to the architectural incompatibility of the construction and the record shows that the Committee made suggestions to remedy the defects. Finally, we note that the trial court attempted to ameliorate the hardship of the judgment against defendant by allowing four months to modify his plans and obtain Committee approval of his existing construction. Accordingly, we conclude that the finding of the trial court that the Committee acted in good faith and in a reasonable manner was supported by the evidence.
The judgment is affirmed.
PIERCE and SMITH, JJ., concur.