899 P.2d 285 (1994)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff-Appellant,
v.
Michael PARRISH, individually; Parrish Chiropractic Centers, P.C., a Colorado corporation; Robert C. Ozer, individually; and Robert C. Ozer, P.C., a Colorado corporation, Defendants-Appellees.
No. 93CA1337.
Colorado Court of Appeals, Div. V.
December 29, 1994.
Rehearing Denied February 9, 1995.
Certiorari Denied July 24, 1995.
*286 Levy & Lambdin, P.C., Marc R. Levy, Stuart D. Morse, Scott P. Landry, Englewood, for plaintiff-appellant.
Miller, McCarren & Helms, P.C., J. Kent Miller, Denver, for defendants-appellees Michael Parrish and Parrish Chiropractic Centers, P.C.
Wood, Ris & Hames, P.C., F. Michael Ludwig, Dennis A. Hanson, Denver, for defendants-appellees Robert C. Ozer and Robert C. Ozer, P.C.
Opinion by Judge BRIGGS.
Plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), appeals *287 the trial court's dismissal of five of its claims for relief in its third amended complaint against defendants, Michael Parrish, Parrish Chiropractic Centers, P.C., Robert C. Ozer, and Robert C. Ozer, P.C., for failing to plead fraud with the particularity required by C.R.C.P. 9(b). We affirm.

I.
State Farm filed an amended complaint asserting nine claims for relief. Defendants moved for judgment on the pleadings for failure to comply with C.R.C.P. 9(b). In dismissing the complaint the trial court stated:
[State Farm] claims that the Defendants billed for treatments which were unreasonable or unnecessary or unrelated to an automobile accident, made misrepresentations or concealed information from State Farm's insureds, presented false information in insurance claims or knowingly concealed material information concerning insurance claims. The complaint is stated in conclusory terms without identifying transactions or even a range of dates on which transactions are alleged to have occurred.

....
In each of the several hundred different transactions [State Farm] and Defendants were adversaries, not fiduciaries. In each of these cases [State Farm] had the right to demand information before making its decision concerning the payment of claims and in fact [State Farm] has [pleaded] that it did [receive] such information.... If [State Farm] cannot identify false information, or concealed information, or unnecessary or unreasonable treatments in individual cases, then how can the conduct of the Defendants constitute fraud in all of the cases?
State Farm then filed a second amended complaint consisting of ten claims for relief, five relating to treatment of specific patients and the other five setting forth claims derived from the allegation of a conspiracy to defraud State Farm. Before responses were due, State Farm filed a third amended complaint, which added three more separate claims based on the treatment of three additional specified patients. The conspiracy claims, the ninth through the thirteenth claims for relief, were amended to include these new claims.
Defendants moved for partial summary judgment and to dismiss the claims derived from the allegation of a conspiracy to defraud State Farm, again on the basis that as to these claims State Farm had failed to plead fraud with particularity as required by C.R.C.P. 9(b). The trial court treated the motions as motions to dismiss and concluded in pertinent part:
While the Court has found no case which specifically so states, it seems clear to the Court that Colorado law requires particularity because allegations of fraud involve suggestions of moral turpitude.... Colorado law requires that one who alleges fraud must plead it with particularity so that the allegation cannot be easily made, and those accused of such wrongdoing can be put on specific notice and have the ability to make a focused response....
[State Farm] alleges, in effect, that the entire history of the relationship of these three parties constitutes fraud. [State Farm's] allegations are so broad that [it] can produce evidence of any treatment, any statement, any report, any contact between the patient/insured and the doctor or the client/insured and the lawyer. The Defendants must be prepared to answer without knowing which of the thousands of treatments, statements, reports and contacts will be presented by [State Farm]....
The court therefore dismissed the ninth through thirteenth claims for relief with prejudice. It then certified that dismissal as a final judgment pursuant to C.R.C.P. 54(b).

II.
The ninth claim for relief alleged that defendants participated together to commit some sixteen different kinds of fraudulent acts on State Farm, including agreeing to submit bills for services not provided, submitting bills for services not related to an auto accident, and agreeing to submit the same bills to more than one insurance company. *288 Indeed, State Farm set forth virtually every conceivable method of attempting to defraud an insurance company as part of this conspiracy.
State Farm contends that its allegation of this conspiracy by defendants to defraud State Farm is sufficient to satisfy the requirements of C.R.C.P. 9(b). The argument implicitly assumes that if fraudulent acts are alleged to have been undertaken as part of a conspiracy, it is not necessary to allege with particularity the actual fraudulent acts allegedly causing damages. In the circumstances presented here, we are not persuaded.
C.R.C.P. 9(b) requires that, in all averments of fraud, the circumstances constituting fraud shall be stated with particularity. To satisfy this requirement, the complaint must sufficiently "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." 2A Moore's Federal Practice ¶ 9.03[1] (1994); see also 5 C. Wright & A. Miller, Federal Practice & Procedure § 1297 (1990). As noted by the trial court, this requirement of particularity is intended in part to protect defendants from the reputational harm that may result from unsupported allegations of fraud, a charge which involves moral turpitude. See 5 C. Wright & A. Miller, supra, at § 1296; see also Merrit v. Libby, McNeill & Libby, 510 F.Supp. 366 (S.D.N.Y.1981).
Here, as the trial court observed, the business relationship among State Farm and defendants spanned many years and consisted of hundreds of transactions. The claims dismissed did not identify any of the transactions that State Farm contends involved fraud.
Furthermore, State Farm has not alleged a conspiracy to engage in a particular pattern or practice in regard to every patient it insured. Nor has it alleged which of the various kinds of fraudulent acts described in the complaint were committed as to any particular patient or which patients were involved in any particular kind of fraud.
In regard to actual acts of fraud engaged in pursuant to the alleged conspiracy, State Farm has merely alleged "on information and belief" that defendants engaged in conduct "substantially similar" to that involving specific patients identified in separate claims for relief. The only other particularity provided in this claim is the allegation that such conduct involved "people insured by State Farm ... or who have made other claims against State Farm for benefits arising from an automobile accident."
C.R.C.P. 9(b) and Fed.R.Civ.P. 9(b) are essentially identical. Case law interpreting the federal rule is therefore persuasive in analyzing the Colorado rule. See Forbes v. Goldenhersh, 899 P.2d 246 (Colo.App.1994).
Under Fed.R.Civ.P. 9(b), an allegation "on information and belief" may be sufficient, if accompanied by a statement on which the belief is founded, when the facts in question are peculiarly within the opposing party's knowledge and the complaint sets forth the factual basis for the plaintiff's belief. See Scheidt v. Klein, 956 F.2d 963 (10th Cir.1992); see also Thompson v. Beck, 92 Colo. 441, 21 P.2d 712 (1933).
However, as the trial court recognized, State Farm has not alleged that it was denied its right of access to medical records at the time requests for payment were submitted, its right to request further information from the patient or the provider, or its right to have that information reviewed by an independent medical examiner. In these circumstances, allegations of fraud on "information and belief" lack sufficient particularity. See 2A Moore's Federal Practice, supra, ¶ 9.03[1] at fn. 15; see also Segal v. Gordon, 467 F.2d 602 (2d Cir.1972). Further, State Farm's incorporating into this claim conduct "substantially similar to" the acts of fraud alleged in other claims for relief provides no additional particularity to the general description already alleged of every conceivable form of committing insurance fraud.
We recognize that courts must be sensitive to the risk that application of the requirement of particularity, prior to discovery, may permit sophisticated defrauders *289 successfully to conceal the details of their fraud. Furthermore, in applying the rule, courts must not focus so narrowly as to fail to take account of the general simplicity and flexibility contemplated by the rules. See Christidis v. First Pennsylvania Mortgage Trust, 717 F.2d 96 (3d Cir.1983); 5 C. Wright & Miller, supra, § 1298.
However, a complaint alleging fraud should be filed only after a specific wrong is reasonably believed to have occurred: it should serve to seek redress for a wrong, not to find one. See Segal v. Gordon, supra. While a plaintiff need not plead all of the evidence that may be presented to prove the claim of fraud, see Northwest Development, Inc. v. Dunn, 29 Colo.App. 364, 483 P.2d 1361 (1971), the complaint must at least state the main facts or incidents which constitute the fraud so that the defendant is provided with sufficient information to frame a responsive pleading and defend against the claim. See Fidelity Finance Co. v. Groff, 124 Colo. 223, 235 P.2d 994 (1951); Northwest Development, Inc. v. Dunn, supra; see also Coon v. District Court, 161 Colo. 211, 420 P.2d 827 (1966).
Here, State Farm failed to allege the circumstances constituting fraud with sufficient particularity, "no matter how flexibly we apply ... the Rule." See Christidis v. First Pennsylvania Mortgage Trust, supra, at 100. We therefore conclude that the ninth claim was properly dismissed. See Fidelity Finance Co. v. Groff, supra; Northwest Development, Inc. v. Dunn, supra; see also Azurite Corp. Ltd. v. Amster & Co., 730 F.Supp. 571, 576 (S.D.N.Y.1990) ("A plaintiff... must plead the conspiracy in a clear and concise fashion ... and must plead any underlying allegations of fraud which account for any of the required predicate acts ... with particularity."); Creech v. Federal Land Bank, 647 F.Supp. 1097, 1101 (D.Colo.1986) ("The predicate acts ... must be pled with the specificity required by [Fed.R.Civ.P.] 9(b).").

III.
State Farm separately contends that, even if the ninth claim for relief was properly dismissed for failure to comply with C.R.C.P. 9(b), the tenth through the thirteenth claims were based on theories other than fraud. State Farm therefore asserts the trial court erred in dismissing these claims for failure to comply with C.R.C.P. 9(b). We again disagree.
The requirement of particularity in Fed. R.Civ.P. 9(b) has been construed to apply to claims "sounding in fraud." See Zucker v. Katz, 708 F.Supp. 525, 530 (S.D.N.Y.1989); see also Robison v. Caster, 356 F.2d 924, 925 (7th Cir.1966) ("The plaintiff admits that the breach of fiduciary relationship which he is attempting to assert is a `scheme to defraud.' [Fed.R.Civ.P.] 9(b) must therefore be followed."); Avnet, Inc. v. American Motorists Insurance Co., 684 F.Supp. 814, 815 (S.D.N.Y.1988) ("The particularity requirement of [Fed.R.Civ.P.] 9(b) extends to `all averments of fraud or mistake.' Thus, the rule extends to averments of fraud or mistake, whatever may be the theory of legal dutystatutory, tort, contractual, or fiduciary.").
We see no reason to construe C.R.C.P. 9(b) differently. Regardless of the labels that State Farm has attached to the other claims dismissed by the trial court civil conspiracy, intentional misrepresentation, unjust enrichment, and theft by deceptioneach incorporates the allegations in the ninth claim for relief. In each claim State Farm has further alleged that defendants have "participated together" to present fraudulent claims to State Farm.
Because each of these other claims is based on allegations of fraud, but in each State Farm has failed to allege fraud with the particularity required by C.R.C.P. 9(b), we find no error in their dismissal by the trial court. See Robison v. Caster, 356 F.2d 924 (7th Cir.1966); Zucker v. Katz, supra; Avnet, Inc. v. American Motorists Insurance Co., supra; Shapiro v. Miami Oil Producers, Inc., 84 F.R.D. 234 (D.Mass.1979) (claim based in allegations of fraud must plead circumstances of fraud with particularity).

IV.
State Farm finally argues that the trial court erred in dismissing its ninth claim *290 for insurance fraud because § 10-1-127, C.R.S. (1994 Repl.Vol. 4A) defines "fraudulent insurance acts" and State Farm's ninth claim for insurance fraud uses language at least as specific as the language used in the statute. Section 10-1-127, however, does not provide a standard for pleading, but merely sets forth the elements of a fraudulent insurance act. In contrast, as already discussed, any claim "sounding in fraud" must be stated with the particularity required by C.R.C.P. 9(b). See Zucker v. Katz, supra.
Judgment affirmed.
TAUBMAN and VAN CISE[*], JJ., concur.
NOTES
[*] Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24-51-1105, C.R.S. (1994 Cum.Supp.).