JOHN R. BEHRMANN REVOCABLE TRUST, Plaintiff–Appellant,

v.

Eric L. SZALOCZI, Michael P. Batzer, Jay Crist, Robert S. Pfeiffer, Allan Wise, Michael Caskey, Roland DeBruyn, Jeffrey Weber, and Bruce Williams, Defendants–Appellees.

No. 01CA0775.

Colorado Court of Appeals, Div. II.

Nov. 21, 2002.

Certiorari Granted July 21, 2003.

Brega & Winters, P.C., James W. Bain, Denver, Colorado, for Plaintiff–Appellant.

Holme Roberts & Owen LLP, David S. Steefel, Mark R. Gordon, Denver, Colorado, for Defendants–Appellees.

Opinion by Judge JONES.

Plaintiff, John R. Behrmann Revocable Trust, appeals the dismissal of its claims for damages against defendants, Eric L. Szaloczi, Michael P. Batzer, Jay Crist, Robert S. Pfeiffer, Allan Wise, Michael Caskey, Roland DeBruyn, Jeffrey Weber, and Bruce Williams, each a shareholder and a director or officer in Preston Reynolds and Company, Inc. (PRC). We reverse and remand.

The trust and defendants are the sole shareholders in PRC, a closely held corporation. Defendants controlled the PRC board of directors, of which John R. Behrmann was a member. In November 1999, defendants voted to remove Behrmann from the board, and he became the sole outside minority shareholder.

On April 6, 2000, PRC entered into an asset purchase to sell substantially all of its assets to two companies, MDU Resources Group, Inc. and WBI Production, Inc. WBI agreed to pay PRC $75 million, with the potential for an additional payment of $25 million upon the exercise of an option by PRC to repurchase an option from WBI. In addition, the agreement provided for stock options, a future distribution of the repurchase option funds of $25 million, employment agreements, $7.7 million in bonuses to board members and employees, and tax benefits to the officers of PRC. The sale closed on April 17, 2000.

The trust asserted that the terms of the agreement worked to its detriment as a nonofficer, outside shareholder.

The trust dissented to the sale, and subsequently the trust filed this action alleging that defendants had breached their fiduciary duties to the trust by: (1) granting themselves stock options below market value, cashing out some stock options early, and extending other stock options beyond their expiration dates; (2) negotiating personal employment contracts for themselves in connection with PRC's contract to sell substantially all its assets to WBI; (3) arranging to take substantially more from the sale than the trust and paying themselves as officers rather than as shareholders; (4) arranging extraordinary compensation for themselves in the year preceding the sale and causing a loss of tax deduction to the trust; (5) issuing an inadequate proxy notice with respect to the sale; and (6) conspiring to accomplish unlawful goals in the sale of the company assets. The trust further alleged that defendant Crist had breached his fiduciary duty to the trust because Crist was, putatively, the sole disinterested board member concerning the asset sale. The trust also asserted that it suffered damages from the respective actions of each individual defendant.

Two days after the trust filed this action, it tendered its shares to the company and exercised its statutory appraisal rights, under § 7–113–101(4), C.R.S.2002, which entitled it to the fair value of its shares immediately before the sale. Another action is currently

pending to consider the proper value of the trust's shares.

Defendants moved to dismiss this tort action. Upon consideration of the briefs, the trial court granted their motion and dismissed the action on grounds that the trust's sole remedy is provided by the appraisal statute, § 7–113–101, et seq., C.R.S.2002. This appeal followed.

The trust contends that the trial court erred when it concluded that appraisal is the trust's exclusive remedy. We agree.

■ We review de novo a trial court's determination on a motion to dismiss, and we accept as true all averments of material fact contained in the complaint. *Scott Sys. v. Scott*, 996 P.2d 775 (Colo.App.2000). When ruling on a motion to dismiss a complaint, the court must view the allegations of the complaint in a light most favorable to the plaintiff. *Halverson v. Pikes Peak Family Counseling & Mental Health Ctr., Inc.*, 795 P.2d 1352 (Colo.App.1990). If a plaintiff offers evidence in support of a legally recognized claim for relief, a motion to dismiss must be denied. *Davidson v. Dill*, 180 Colo. 123, 503 P.2d 157 (1972). Generally, motions to dismiss are not viewed with favor, and are rarely to be granted. *See Dunlap v. Colo. Springs Cablevision, Inc.*, 829 P.2d 1286 (Colo.1992).

The trust argues that it has an action, separate from the share valuation accounting, against defendants for conduct unrelated to the sale of company assets. Although the trust may not pursue a separate action for certain types of mismanagement, we conclude it may pursue a claim for constructive fraud.

## I.

■ The Colorado Dissenters' Rights Act provides, in relevant part:

A shareholder who demands payment in accordance with subsection (1) of this section retains all rights of a shareholder, except the right to transfer the shares, until the effective date of the proposed corporate action giving rise to the shareholder's exercise of dissenters' rights and has only the right to receive payment for the shares after the effective date of such corporate action.

Section 7–113–204(2), C.R.S.2002.

In Colorado, claims of breach of fiduciary duty through mismanagement, self-dealing, and secret profits traditionally have been considered corporation claims, "whether raised by the corporation itself or by the stockholders in a derivative suit." *Ireland v. Wynkoop*, 36 Colo.App. 205, 217, 539 P.2d 1349, 1357 (1975). Additionally, the general trend in Colorado has been that claims of waste, mismanagement of assets, or looting must be pursued in a shareholder's derivative suit. *River Mgmt. Corp. v. Lodge Props. Inc.*, 829 P.2d 398, 404 (Colo.App.1991); *see also Breniman v. Agric. Consultants, Inc.*, 829 P.2d 493 (Colo.App.1992)(concluding trial court correctly dismissed plaintiff's personal claims because plaintiff was no longer stockholder and lacked standing to maintain derivative action).

■ A plaintiff must be a shareholder at the time of the action in question and must continue to be a shareholder throughout the derivative litigation. *See Breniman v. Agric. Consultants, Inc., supra.*

Here, the trust surrendered its shares in PRC two days after it filed this lawsuit and, thus, lost its right to sue for breach of fiduciary duty through mismanagement of assets, self-dealing, waste, or looting.

## II.

However, the trust asserts that, under the circumstances here, § 7–113–102(4) provides an exception to the exclusivity of the dissenters' rights remedy where, as here, the directors' actions are "unlawful or fraudulent with respect to the shareholder or the corporation." We agree.

■ "A stockholder may maintain a personal action in his capacity as a stockholder only if the actions of the third party that injure the corporation result from a violation of a duty owed to him as a stockholder and ... cause him injury as a stockholder, unique to himself and not suffered by the other stockholders." *Nicholson v. Ash*, 800 P.2d 1352, 1357 (Colo.App.1990)(citing *Sec. Nat'l*

*Bank v. Peters, Writer & Christensen, Inc.,* 39 Colo.App. 344, 569 P.2d 875 (1977)).

■ The court's purpose in construing a statute is to give effect to the intent of the General Assembly. *Martin v. People,* 27 P.3d 846 (Colo.2001). When the language of a statute is unambiguous, we presume it expresses the intent of the General Assembly, and we will apply it as written, without resort to other interpretive rules of construction. *People v. Shinaut,* 940 P.2d 380 (Colo. 1997).

Here, we conclude that the language of the statute is unambiguous and, therefore, we assign to the words their plain meanings.

■ Section 7–113–102(4) states:

A shareholder entitled to dissent and obtain payment for the shareholder's shares under this article may not challenge the corporate action creating such entitlement *unless the action is unlawful or fraudulent with respect to the shareholder or the corporation.*

(Emphasis added.) There are no reported appellate decisions in Colorado construing this section. However, we agree with the trust that this section applies to its claim because fraudulent actions in the nature of constructive fraud are within the exception. *See Sec. Nat'l Bank v. Peters, Writer & Christensen, Inc., supra,* 39 Colo.App. at 351, 569 P.2d at 881 (holding breach of fiduciary duty by a director constitutes constructive fraud, and, therefore, affected shareholder was entitled to dissenters' rights and to challenge the corporate action creating entitlement to dissenters' rights).

■ Constructive fraud is defined as a breach of duty that the law declares fraudulent because of its tendency to deceive, to violate confidence, or to injure public interests. " 'Neither actual dishonesty nor intent to deceive is an essential element of constructive fraud.' Such fraud often arises where a special, confidential or fiduciary relationship exists, which affords the power and means of one to take undue advantage over the other." *Sec. Nat'l Bank v. Peters, Writer & Christensen, Inc., supra,* 39 Colo.App. at 351, 569 P.2d at 881 (internal citations omitted; quot-

ing *Miller v. First Nat'l Bank,* 234 N.C. 309, 67 S.E.2d 362 (1951)).

**A.**

■ In the absence of Colorado caselaw respecting § 7–113–102(4), we are persuaded by the decisions of the Delaware courts which, considering similar statutes, allow minority shareholders to maintain actions for breach of fiduciary duty, even where shareholders may take advantage of appraisal rights. In addition, the official comment to the Model Business Corporation Act § 13.02(b), upon which Colorado corporate law is based, states that "if the corporation attempts an action ... by deception of shareholders, or in violation of fiduciary duty ... the court's freedom to intervene should be unaffected by the presence or absence of dissenters' rights." Model Corporation Act § 13.02(b) (citing *Weinberger v. UOP, Inc.,* 457 A.2d 701 (Del.1983)).

■ In *Weinberger v. UOP, Inc.,* the Delaware Supreme Court held that the appraisal remedy may be exclusive except "where fraud, misrepresentation, self-dealing, deliberate waste of corporate assets, or gross and palpable overreaching are involved." *Weinberger v. UOP, Inc., supra,* 457 A.2d at 714; *see also Rabkin v. Philip A. Hunt Chem. Corp.,* 498 A.2d 1099 (Del.1985). The majority shareholders bear the burden of proving that they completely disclosed all material facts relevant to the transaction. *Weinberger v. UOP, Inc., supra,* 457 A.2d at 703.

Additionally, the Delaware Court of Chancery awarded attorney fees when it considered an appraisal exclusivity argument frivolous and in bad faith because previous Delaware cases had clearly established that the appraisal statute was not the plaintiff's exclusive remedy. *Nagy v. Bistricer,* 770 A.2d 43, 54 (Del.Ch.2000).

Here, we are persuaded by the Delaware courts' treatment as to this issue. Therefore, we conclude that the trial court erred when it dismissed the trust's individual claim of constructive fraud regarding actions unrelated to the WBI sale.

### B.

■ Averments of fraud or mistake must be accompanied by a detailed pleading with a statement of the facts and circumstances of the fraud or mistake alleged. C.R.C.P. 9(b). Federal Rule of Civil Procedure 9(b) is identical to C.R.C.P. 9(b); and, therefore, federal cases and authorities interpreting the federal rule are persuasive in interpreting the Colorado rule. *Faris v. Rothenberg*, 648 P.2d 1089 (Colo.1982).

■ To establish constructive fraud, a plaintiff need not satisfy C.R.C.P. 9(b) requirements that the complaint sufficiently "specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *State Farm Mut. Auto. Ins. Co. v. Parrish*, 899 P.2d 285, 288 (Colo.App.1994)(quoting 2A *Moore's Federal Practice* 9.03[1] (1994)); *see* 5 C. Wright & A. Miller, *Federal Practice & Procedure* § 1297 (1990); *see also Rosales v. AT & T Info. Sys., Inc.*, 702 F.Supp. 1489 (D.Colo.1988).

■ Where there is constructive fraud, Fed.R.Civ.P. 9(b) does not apply. *Rosales v. AT & T Info. Sys., Inc., supra; see also FDIC v. Wise*, 758 F.Supp. 1414 (D.Colo.1991)(denying motion to dismiss for failure to aver fraud with particularity where there was breach of fiduciary duty).

■ In its complaint, the trust alleged numerous breaches of fiduciary duty, stating that defendants were corporate officers and directors who, in their positions of trust, negotiated an asset purchase and sale agreement in a self-dealing manner; set up distributions for themselves to the detriment of nonofficer shareholders; violated good business practices in paying cash bonuses to themselves and potentially other employees and issuing stock options at prices below market value; failed to seek the highest total price for the PRC assets for the benefit of all shareholders; and failed adequately to disclose material information in connection with the asset purchase agreement.

Upon reviewing all of the averments in the complaint, we determine that, even if these allegations do not contain sufficient particularity to satisfy the requirements of C.R.C.P. 9(b), the complaint can, nevertheless, survive a motion to dismiss, because plaintiff adequately alleged breach of fiduciary duty.

The judgment is reversed, and the case is remanded for further proceedings.

Chief Judge HUME and Judge PLANK * concur.