24CA1542 Coronado-Arrascue v Golka 06-05-2025

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1542
El Paso County District Court No. 24CV30702
Honorable David S. Prince, Judge

Monsignor Ricardo Coronado-Arrascue, J.C.D.,

Plaintiff-Appellant,

v.

Bishop James R. Golka and Monsignor Robert E. Jaeger, Vicar General,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division VII
Opinion by JUDGE HAWTHORNE*
Lipinsky and Pawar, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced June 5, 2025

Baker Law Group, LLC, Joseph A. O'Keefe, Colorado Springs, Colorado, for
Plaintiff-Appellant

Taft Stettinius & Hollister LLP, Richard F. Bednarski, John T. Melcon, Colorado
Springs, Colorado, for Defendants-Appellees

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1    Plaintiff, Monsignor Ricardo Coronado-Arrascue, appeals the district court's order granting the motion to dismiss filed by defendants, Bishop James R. Golka and Monsignor Robert E. Jaeger.  We affirm.

## I.    Background

¶ 2    In 2020, Coronado-Arrascue began serving as the Judicial Vicar and Chancellor of the Diocese of Colorado Springs (Diocese).  Defendants Golka and Jaeger served as Bishop and Vicar General of the Diocese, respectively.

¶ 3    In 2022, Coronado-Arrascue resigned from his positions at the Diocese pursuant to a settlement agreement between him and the Diocese.  The agreement provided that Coronado-Arrascue would remain a priest in good standing with the Diocese and would be permitted to perform public masses if and when he returned to the Colorado Springs area.

¶ 4    About eighteen months later, Jaeger issued a "Precept"[1] on the Diocese's behalf suspending Coronado-Arrascue's authority to act,

---

[1] A "precept" is a "command or principle intended . . . as a . . . rule of action."  Merriam-Webster Dictionary, https://perma.cc/P6KQ-B7BF.

or present himself, as a priest within the Diocese due to a "serious allegation" lodged against him. The announcement letter accompanying the Precept stated that Coronado-Arrascue was "no longer considered a priest in good standing within the Diocese" and was "to refrain from the public celebration of the sacraments whenever he is within the territory of th[e] Diocese."

¶ 5 In November 2023, Coronado-Arrascue sued the Diocese (El Paso County Case No. 23CV32252), alleging breach of contract, libel, intentional interference with contractual obligations, and extreme and outrageous conduct. The district court dismissed the case under C.R.C.P. 12(b)(5), determining that the church autonomy doctrine, based on the Free Exercise Clause of the U.S. Constitution's First Amendment, barred the causes of action asserted in Coronado-Arrascue's complaint. Coronado-Arrascue did not appeal the court's order.

¶ 6 In 2024, Coronado-Arrascue filed the lawsuit underlying this appeal (El Paso County Case No. 24CV30702) against Golka and Jaeger, asserting fraudulent inducement and civil conspiracy claims. Golka and Jaeger jointly filed a C.R.C.P. 12(b)(5) motion to

dismiss Coronado-Arrascue's complaint, which the district court granted.

¶ 7     Coronado-Arrascue appeals the district's court order granting Golka and Jaeger's motion to dismiss.

## II.     C.R.C.P. 9(b)

¶ 8     The court noted in its order dismissing the present case, "[T]he claims in [this] lawsuit are that [Golka and Jaeger] fraudulently induced [Coronado-Arrascue] to enter the settlement agreement at issue."  After analyzing Coronado-Arrascue's complaint, the court concluded, "In context, . . . [Coronado-Arrascue] has not satisfied the requirement [under C.R.C.P. 9(b)] that fraud be pled with particularity.  The [c]omplaint in its current form is dismissed on these grounds alone."

### A.     Standard of Review and Applicable Law

¶ 9     Appellate courts review de novo a district court's dismissal for failure to plead fraud with particularity.  *Schaden v. DIA Brewing Co.*, 2021 CO 4M, ¶ 34.

¶ 10     C.R.C.P. 9(b) says, "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  "Thus, a complaint alleging fraud must specify the

statements that the plaintiff claims were false or misleading, provide particulars regarding the respect in which the statements were fraudulent, allege when and where the statements were made, and identify who made such statements." *Schaden*, ¶ 57.

¶ 11    While the plaintiff is not required to plead all evidence pertaining to the fraud claim, "the complaint must at least state the main facts or incidents which constitute the fraud so that the defendant is provided with sufficient information to frame a responsive pleading and defend against the claim." *Id.* at ¶ 58 (quoting *State Farm Mut. Auto. Ins. Co. v. Parrish*, 899 P.2d 285, 289 (Colo. App. 1994)).

¶ 12    Even if the district court's ruling was incorrect, when the appellant does not challenge the court's grounds for its ruling, the appellate court is required to conclude that the ruling was correct. *See People v. Archer*, 2022 COA 71, ¶ 42 ("[W]hen a trial court gives several reasons for a decision, an appellant must challenge all of those reasons; failure to do so requires affirmance." (citing *IBC Denver II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 717-18 (Colo. App. 2008))).

¶ 13    This court declines to address contentions that are unsupported by substantial argument. *See Taylor v. Taylor*, 2016 COA 100, ¶ 13 (citing *People v. Wallin*, 167 P.3d 183, 187 (Colo. App. 2007)) (refusing to address perfunctory or conclusory arguments); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim."); *Topco, Inc. v. State, Dep't of Highways*, 912 P.2d 805, 812 (Mont. 1996) ("It is not the function of this Court on appeal to advocate a party's position, to develop arguments or to locate and cite supporting or opposing authority.").

### B.    Analysis

¶ 14    Coronado-Arrascue's contention regarding the district court's ruling dismissing his complaint for failure to meet C.R.C.P. 9(b)'s particularity requirements is one paragraph in length and consists of three sentences that are either statements of law or conclusory and skeletal. The paragraph's first sentence is a statement of law citing a case, without any explanation of or argument regarding the case. It provides no detail of how Coronado-Arrascue's complaint provided "sufficient particularity" per C.R.C.P. 9(b). *Schaden*, ¶ 57.

¶ 15    The second sentence states in conclusory fashion that Coronado-Arrascue's complaint is "clear as to the alleged false representations made by Appellees."  It fails to explain which allegations Coronado-Arrascue deems to be "clear" and why.

¶ 16    And finally, the third sentence is another statement of law citing a case followed by the conclusory assertion that "[i]t is not necessary 'to allege . . . precise dates' as long as the fraud alleged is otherwise pled with sufficient particularity."  (Quoting *Coon v. Dist. Ct.*, 420 P.2d 827, 829 (Colo. 1966).)  This sentence, too, lacks any specificity about the complaint's fraud allegations and begs the question by asserting that it is not necessary to allege precise dates as long as the fraud is pleaded with sufficient particularity.

¶ 17    Because Coronado-Arrascue's argument is "skeletal and conclusory, we do not address it" further.  *Trudgian v. LM Gen. Ins. Co.*, 2024 COA 87, ¶ 31.  We therefore affirm the district court's ruling dismissing Coronado-Arrascue's complaint under C.R.C.P. 9(b).  And because we affirm the court's dismissal ruling on the grounds discussed above, we need not address Coronado-Arrascue's other contentions raised in this appeal.  *See W. Colo. Motors, LLC v. Gen. Motors, LLC*, 2019 COA 77, ¶ 39.

## III. Disposition

¶ 18    The judgment is affirmed.

JUDGE LIPINSKY and JUDGE PAWAR concur.