No. 16,722.

FIDELITY FINANCE CO. *v.* GROFF ET AL.
(235 P. [2d] 994)

Decided September 10, 1951.

224

Mr. L. A. HELLERSTEIN, for plaintiff in error.

Mr. A. T. STEWART, for defendants in error.

*En Banc.*

MR. CHIEF JUSTICE JACKSON delivered the opinion of the court.

PLAINTIFFS in the trial court, defendants in error here, to whom we hereinafter refer as the Groffs, on February 13, 1951, filed their complaint against defendant, plaintiff in error here, hereinafter referred to as the Finance Company, to cancel a note and mortgage.

The note and mortgage were executed by the Groffs and held by the Finance Company. Summons was issued the same day and endorsed thereon is a return by the sheriff showing service, also on February 13, 1951. March 7, 1951, summons, together with return of service, was filed with the clerk of the court, and on the same day the trial court, after taking testimony of plaintiff Lyman M. Groff, entered a default judgment, "that said note and chattel mortgage together with the records thereof are found to be void and of no force and effect, and that same be set aside and held for naught, * * * ."

The next day, March 8, an attorney representing the

Finance Company filed a verified motion to vacate the judgment upon the grounds of mistake, inadvertence and oversight. From this motion it appeared that his client had a meritorious defense; that he had prepared an answer within ample time; but through a mistake had not filed it. March 17 the foregoing motion to vacate the judgment was overruled by the trial court, and March 21 a verified motion for rehearing and petition to set aside judgment was filed and denied by the same court, at which time an answer and cross complaint, filed by the Finance Company, was permitted to be withdrawn.

This review, upon the writ of error, is being prosecuted to reverse the trial court's action in refusing to vacate and set aside the judgment, and it is urged that the trial court erred: 1. In denying the Finance Company's motion to vacate the judgment, or to grant its motion for rehearing and to set aside the judgment, when made in apt time; 2. in entering default judgment upon a complaint which did not state a claim upon which relief could properly be granted; and 3. in entering a default judgment cancelling the note and mortgage without requiring the return of the consideration received by Groffs and restoring the status quo.

■ 1. Under Rule 60 C (b), R. C. P. Colo., motions to relieve a party or his legal representative from a judgment, order or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect must be made within a reasonable time, in no case exceeding six months after such judgment, order or proceeding was taken. Here, it will be noted, the motion to vacate the default judgment was filed the next day after the judgment was entered. It was alleged in the motion: (1) That defendant had a meritorious defense to the action; (2) that the one-day delay in filing the answer was solely due to the attorney's mistake and not due to any fault of the client. A counterclaim also was set forth in the motion of the Finance Company.

In 31 American Jurisprudence, page 287, section 748, there is the following statement: "There are many cases

holding that where a party commits a cause to the agency of an attorney, the neglect, omission, or mistake of such attorney resulting in the rendition of a judgment against the party is available to authorize the vacation of the judgment." The fact that the local attorney for the Finance Company—not appearing here—does not have the gift of sight with which most of the fellow members of his profession are endowed, would incline us to adopt the more liberal rule in this case, unless there was some good reason shown why we should not do so.

■ 2. In the second specification it is alleged that the complaint does not state a claim upon which relief could properly be granted in that: (a) There is no sufficient statement of fraud set out in the complaint. By paragraph 3 it is admitted that on or about the 14th day of October, 1949, the Groffs borrowed from the Finance Company the sum of $2,613.00, and at the same time executed a promissory note and chattel mortgage to the company for that amount, "with the understanding that the said sum borrowed was payable in thirty-six (36) months at the rate of $85.00 per month." In another paragraph it is alleged that the Finance Company fraudulently made the note for $2,613.00 with interest at $2\frac{1}{2}$ per cent per month, and that the Groffs signed the note not knowing that it contained the provision for the $2\frac{1}{2}$ per cent interest. It also is alleged that the Finance Company fraudulently made the chattel mortgage due in full on October 10, 1951. Rule 9 C (b), R. C. P. Colo., reads in part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." In the present case there would seem to be lacking the facts constituting the fraud. As stated in 9 American Jurisprudence, page 397, section 56: "It is not necessary, of course, to recite in the bill of complaint all the evidence that may be adduced to prove the fraud, it being sufficient merely to state the main facts or incidents which constitute the fraud."

■ In the instant case the complaint does not even disclose the main facts or incidents constituting the fraud,

and, as we said in *Goff v. Boma Investment Co.,* 116 Colo. 359, 181 P. (2d) 459, quoting from *Jessey v. Butterfield,* 61 Colo. 256, 157 Pac. 1: "Fraud is never presumed, and a contract should not be adjudged void for fraud, unless the allegations and proofs of fraud are clear and convincing."

(b) The complaint contains no offer of rescission, nor is there an offer to return or tender into court the consideration received. This lack would appear to be more than a superficial one for in 31 American Jurisprudence, pages 130, 131, section 15, appears the statement: "It is a general rule that a judgment by default must be justified by the pleadings. Such a judgment may not be rendered where the pleadings of plaintiff omit averments essential to the showing of a cause of action."

In *Godding v. Decker,* 3 Colo. App. 198, 207, 32 Pac. 832, our Court of Appeals stated: "It is quite generally held that a party may not rescind a contract without at least returning, or offering to return, the fruits of his agreement, and restoring so far as he may, either in fact, or by tender, the other to his original possession." In *Jessey v. Butterfield, supra,* we applied this rule in the case of the cancellation of a contract for fraud or misrepresentation stating: "The complaint in such a case must ordinarily allege a return, or an offer to return whatever the plaintiff received under the contract." The rule was again applied in *Gertner v. Limon National Bank,* 82 Colo. 13, 257 Pac. 247. See, also, *Cahill v. Readon,* 85 Colo. 9, 273 Pac. 653; *Treat v. Schmidt,* 69 Colo. 190, 193 Pac. 666.

3. The entry of default judgment, cancelling the Finance Company's note and mortgage without requiring the return of the consideration by the Groffs and restoring the status quo ante, was erroneous. Their own evidence disclosed that they had owed the Finance Company about $900; that they were in the market for a car, and arranged to buy one from the manager of the Finance Company. He is alleged to have said that they could buy the car and consolidate the purchase price of it with the already existing loan, and "could pay it all off in thirty-six (36) payments

of $85.00 per month." The record shows no tender of the consideration, namely, the $900, nor the return of the car prior to suit, nor is there such an offer alleged in the complaint in which plaintiffs merely prayed for a cancellation of the note and mortgage. The trial court by its judgment merely granted the prayer of the complaint. It would therefore appear to be contrary to the general rule set out in the annotation in 109 A.L.R. 1032, covering the subject of rescission as essential to a cancellation case, where it is stated: "It is certainly the rule that one may not obtain the equitable relief of cancellation without himself doing equity. So, in the case of a simple, isolated transaction, such as the conveyance of land, or the giving of a mortgage or promissory note, where no extraordinary features are involved, there is no doubt that cancellation, even when sought on the ground of fraud or partial failure of consideration, necessarily involves rescission; that is, a complete restoration of the status quo by the return of the consideration which was given for the instrument to be canceled." Our holding in *Barth v. Deuel,* 11 Colo. 494, 19 Pac. 471, follows the above mentioned rule — a rule which is referred to in *Gillette v. Oberholtzer,* 45 Idaho 571, 264 Pac. 229, as "so elementary as to require no citation of authority," namely: "The general requirement that a grantor procuring the cancellation of an instrument, even for duress or fraud, must place the grantee *in statu quo* * * * ."

For the foregoing reasons, it is ordered that the cause be remanded with directions to vacate the default judgment heretofore entered and permit the Finance Company to file its answer to the end that the case may be tried on its merits.