**Mignon D. McELVANEY,
Plaintiff–Appellant,**

v.

**Craig W. BATLEY, Defendant–Appellee.**

**Nos. 90CA1132, 90CA1976.**

Colorado Court of Appeals,
Div. IV.

Aug. 15, 1991.

Rehearing Denied Sept. 12, 1991.

Certiorari Denied Jan. 27, 1992.

Michael S. Rennich, Louisville, for plaintiff-appellant.

Rothgerber, Appel, Powers & Johnson, Franklin D. O'Loughlin, Samuel M. Ventola, Denver, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

On October 30, 1986, the plaintiff, Mignon D. McElvaney, filed suit in Arapahoe County against the defendant, Craig A. Batley, and against Western Development and Investment Corporation. Both defendants answered, and Batley cross-claimed against Western.

Subsequently, no action having been taken by plaintiff for nearly two and one-half years, defendant Batley moved to dismiss for failure to prosecute. Plaintiff did not respond to the motion. On October 3, 1989, the court granted the motion to dismiss. Neither the motion nor the order granting it specified whether the dismissal was with or without prejudice.

Present counsel was retained by plaintiff, and an identical suit against defendant Batley was filed in Denver District Court on October 16, 1989.

On April 2, 1990, Batley filed a motion, seeking relief under C.R.C.P. 60(b)(1) and (5), asking the Arapahoe County District Court to clarify or amend the October 3, 1989, order of dismissal by specifying that the dismissal was with prejudice. Over plaintiff's objections, on May 22, 1990, that court granted the motion and amended its earlier order to show the case as dismissed with prejudice.

Thereafter, because the Arapahoe County case then stood as dismissed with prejudice, the Denver District Court likewise dismissed with prejudice the second suit. The plaintiff appealed both cases, and they have been consolidated for disposition. We reverse and remand both cases.

■ With regard to the original order of dismissal, the plaintiff argues that the clear language of the applicable rules of procedure require the dismissal to be without prejudice. We agree.

C.R.C.P. 121 § 1–10(5) provides that:

"Any dismissal under this rule shall be without prejudice unless otherwise specified by the court."

And, C.R.C.P. 41(b)(3) states:

"All motions for dismissal for failure to prosecute shall be presented in accordance with Rule 121, Section 1–10 and shall specify whether the movant requests dismissal with or without prejudice. All orders dismissing for failure to prosecute shall specify whether the dismissal is with or without prejudice. Motions or orders that do not so specify shall be deemed motions for dismissal without prejudice or orders for dismissal without prejudice as appropriate."

A movant must specify whether the dismissal requested is to be with or without prejudice; there was no such specification made in defendant's motion. The rule also requires the court to so specify; however, the dismissal in this case was merely done by a stamp placed on the motion, and it did not indicate whether the dismissal was with or without prejudice. Thus, by C.R.C.P. 41(b)(3), the original order of dismissal entered on October 3, 1989, must be deemed to be without prejudice.

Nevertheless, the defendant contends that the trial court's "clarification" of its order of dismissal entered in response to defendant's C.R.C.P. 60(b) motion should stand because *the plaintiff* made no showing of excusable neglect for his failure to prosecute. In our view, this contention begs the question; it does not explain *the defendant's* failure in the first instance to request the dismissal be with prejudice.

C.R.C.P. 60(b) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; ... or (5) any other reason justifying relief from the operation of the judgment."

■ The mistake, inadvertence, surprise, or excusable neglect subject to correction under C.R.C.P. 60(b)(1) must be that of a party to the action or his legal representative. *Columbia Savings & Loan Ass'n v. District Court*, 186 Colo. 212, 526 P.2d 661 (1974). One who seeks relief from a judgment has the burden of establishing that such relief is warranted by "clear, strong, and satisfactory proof." *Guynn v. State Farm Mutual Auto Insurance Co.*, 725 P.2d 1162 (Colo.App.1986).

■ Excusable neglect under C.R.C.P. 60(b)(1) "results from circumstances which would cause a reasonably careful person to neglect a duty, and the issue of negligence is determined by the trier of fact." *Craig v. Rider*, 628 P.2d 623 (Colo.App.1980), *rev'd on other grounds*, 651 P.2d 397 (Colo.1982). However, one's own carelessness and negligence does not amount to excusable neglect. *See Guynn v. State Farm Mutual Auto Insurance Co., supra.* Thus, the defendant's failure to follow C.R.C.P. 41(b)(3) by not specifying whether the requested dismissal was to be with or without prejudice precludes granting relief under that clause.

C.R.C.P. 60(b)(5) is a residuary clause which covers situations not covered by the other clauses in that portion of the rule. *Canton Oil v. District Court*, 731 P.2d 687 (Colo.1987). Relief under C.R.C.P. 60(b)(5) is not appropriate if, as here, the only grounds upon which relief is sought are covered by other clauses of the rule. *See Atlas Construction Co. v. District Court*, 197 Colo. 66, 589 P.2d 953 (1979).

We hold, therefore, that the Arapahoe County District Court erred in granting the C.R.C.P. 60(b) motion changing the previous order of dismissal to be with prejudice. Thus, the Arapahoe County action stands as having been dismissed without prejudice, and therefore, it follows that the basis of the Denver District Court's order of dismissal is negated and dismissal of that suit likewise cannot stand.

The Arapahoe County District Court order of May 22, 1990, is vacated, and the cause is remanded with directions that its judgment of dismissal of October 3, 1989, be designated as being without prejudice. The Denver District Court judgment is re-

versed, and the cause is remanded with directions to reinstate that action.

HUME and REED, JJ., concur.