Jennie A. DOMENICO, Plaintiff–Appellant,

v.

SOUTHWEST PROPERTIES VENTURE; Jordan Perlmutter and Company; and Southwest Plaza Mall, Defendants–Appellees.

No. 94CA0686.

Colorado Court of Appeals, Div. I.

April 27, 1995.

Rehearing Denied June 8, 1995.

Certiorari Denied April 8, 1996.

Rees & Associates, P.C., David K. Rees, Denver, for plaintiff-appellant.

White and Steele, P.C., Sandra L. Spencer, George A. Codding, III, Denver, for defendants-appellees.

Opinion by Judge MARQUEZ.

In this action for damages for personal injuries, plaintiff, Jennie A. Domenico, appeals the judgment entered on a jury verdict in favor of defendants, Southwest Properties Venture, Jordan Perlmutter and Company, and Southwest Plaza Mall. We affirm.

Plaintiff initiated this proceeding after sustaining injuries in a fall in the Southwest Plaza Mall. Following settlement negotiations, defendants, on July 28, 1993, mailed an offer to settle for "TWENTY–FIVE THOUSAND AND 00/00 DOLLARS ($25,000.00)" to plaintiff's counsel. Plaintiff's attorney sent a notice of acceptance of the offer to defendants' counsel via facsimile on July 29, 1993, and the court entered a judgment pursuant to § 13–17–202(3), C.R.S. (1994 Cum. Supp.) on August 5, 1993.

Section 13–17–202(3) provides in pertinent part:

At any time more than ten days before the trial begins, a party defendant against a claim may serve upon the adverse party an offer of settlement to the effect specified in his offer, with costs then accrued. If within ten days after the service of the offer, the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance, together with proof of service thereof, and thereupon the clerk shall enter judgment ... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall pay the costs incurred after making of the offer.

On August 13, 1993, defendants filed a motion to set aside the judgment pursuant to C.R.C.P. 60(b)(1) and C.R.C.P. 60(b)(5) and to substitute an offer of settlement in the amount of $2,500, asserting that the offer which had been accepted had contained a typographical error to show the amount of $25,000.

In support of that motion, defendants attached a number of items including a copy of a letter dated July 30, 1993, from defendants' counsel to plaintiff's counsel stating that: "As I know you suspected, there was a typographical. error and the offer should have been for ... ($2500.00) NOT ... ($25,000)"; that: "You ... were obviously aware of this error"; and that: "You were well aware of our view of the case and our belief that [plaintiff's] claim had no more than nuisance value." A copy of defendants' "Corrected Offer of Settlement" bearing a date of July 30, 1993, and offering to allow judgment to be taken against them in the amount of $2,500 was also attached as an exhibit to the motion.

In her response to the C.R.C.P. 60 motion, plaintiff did not controvert the July 30 communication. Rather, relying on C.R.C.P. 11, § 13–17–202(3), and *Centric–Jones Co. v. Hufnagel,* 848 P.2d 942 (Colo.1993), plaintiff argued that the state of mind of defense counsel and that of defense counsel's staff were irrelevant in light of the unambiguous offer, that § 13–17–202 does not authorize *post facto* revision of an offer of settlement, and that the offer was irrevocable for the statutory ten-day period.

The trial court held, without a hearing, that, in light of C.R.C.P. 11, counsel's action

in signing the offer for the wrong amount did not justify setting aside the judgment under C.R.C.P. 60(b)(1). However, it also determined that the judgment should be set aside under C.R.C.P. 60(b)(5) on equitable grounds. The trial court reasoned that defendants should not be compelled to pay a judgment in excess of what they had authorized counsel to offer and that no prejudice accrued to plaintiff.

Following this order vacating the settlement judgment, the case went to trial and the jury returned a verdict in favor of defendants. Plaintiff has appealed solely on the ground that the trial court erred in vacating the settlement award.

Because we hold that a finding of a violation of C.R.C.P. 11 does not preclude a finding of mistake under C.R.C.P. 60(b)(1), we do not agree with plaintiff that the trial court erred in vacating the settlement judgment.

■ Initially, plaintiff contends that a judgment entered pursuant to § 13–17–202(3) cannot be attacked by a C.R.C.P. 60(b) motion. We disagree.

C.R.C.P. 60(b) provides in pertinent part: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect ... or (5) any other reason justifying relief from the operation of the judgment.

By the terms of the rule, relief is available to a party from a final judgment, order, or proceeding for certain specified reasons. Counsel has not directed us to any authority indicating that judgments entered pursuant to § 13–17–202 are not to be included.

■ The mistake, inadvertence, surprise, or excusable neglect subject to correction must be by a party to the action or his legal representative. *Columbia Savings & Loan Ass'n v. District Court,* 186 Colo. 212, 526 P.2d 661 (1974).

■ When a party commits a cause to the agency of an attorney, the neglect, omission, or mistake of such attorney resulting in the rendition of a judgment against the party

is available to authorize the vacation of the judgment. *Fidelity Finance Co. v. Groff,* 124 Colo. 223, 235 P.2d 994 (1951). One who seeks relief from a judgment has the burden of establishing that such relief is warranted by clear, strong, and satisfactory proof. *Craig v. Rider,* 651 P.2d 397 (Colo.1982).

■ C.R.C.P. 60(b)(5) is a residuary clause which covers situations not covered by the other clauses in that portion of the rule. *McElvaney v. Batley,* 824 P.2d 73 (Colo.App. 1991).

■ The resolution of a C.R.C.P. 60(b) motion cannot be overturned on appeal in the absence of an abuse of discretion by the trial court. *Front Range Partners v. Hyland Hills Metropolitan & Recreation District,* 706 P.2d 1279 (Colo.1985).

■ Here, the trial court found that defense counsel's action in signing the offer of $25,000 instead of $2,500 was not excusable neglect, that there is no assertion that any defendant made a mistake, that the mistake was that of counsel or the person who typed the offer, and that, pursuant to C.R.C.P. 11, the mistake in this case did not justify setting aside a judgment under C.R.C.P. 60(b)(1). The court also found no inadvertence or grounds for relief based upon surprise.

On appeal, plaintiff contends that this is a case of "lawyer neglect" and that the motion should be considered under the "excusable neglect" standards of C.R.C.P. 60(b)(1). Plaintiff concedes that, on July 30, 1993, defendants sent a "Defendant's Corrected Offer of Settlement."

Defendants assert that the trial court's ruling can be justified under C.R.C.P. 60(b)(1). We agree with defendants that C.R.C.P. 60(b)(1) is applicable as a basis for sustaining the court's ruling.

Here, in considering defendants' argument under C.R.C.P. 60(b)(1), the court found that "pursuant to C.R.C.P. 11 ... the 'mistake' in this case should not justify the setting aside of a judgment pursuant to C.R.C.P. 60(b)(1)." C.R.C.P. 11 provides in part:

The signature of an attorney constitutes a certificate by [her] that [she] has read the pleading; that to the best of [her] knowledge, information, and belief . . . it is well grounded in fact and is warranted by existing law. . . .

 If a pleading is signed in violation of C.R.C.P. 11, the court is to impose sanctions "upon the person who signed it, a represented party, or both. . . ." However, to warrant the trial court's exercise of discretion in ordering such sanctions against a client, the trial court must find and the record must confirm some nexus between the proscribed conduct and a specific undertaking by or knowledge of the client that the rule is being violated. *Maul v. Shaw,* 843 P.2d 139 (Colo. App.1992).

 In our view, C.R.C.P. 11 contemplates sanctions against the offending party for violations of its provision, not preclusion of relief under C.R.C.P. 60(b)(1) on grounds of mistake. Even though the trial court here found that there was no assertion that any defendant made a mistake, but that the mistake was that of counsel or the person who typed the offer, its finding that relief on grounds of mistake was not justified under C.R.C.P. 60(b)(1) was unwarranted.

We thus conclude that relief is available to defendants under C.R.C.P. 60(b)(1) on grounds of mistake of defendants' counsel. *See Columbia Savings & Loan Ass'n v. District Court, supra; Fidelity Finance Co. v. Groff, supra.*

This conclusion is supported by federal court interpretation of Fed.R.Civ.P. 60(b)(1), which allows the court to set aside a judgment on the basis of mistake, inadvertence, surprise, or excusable neglect.

In *Whitaker v. Associated Credit Services, Inc.,* 946 F.2d 1222 (6th Cir.1991), counsel drafted an offer of judgment. While the amount to be offered was $500, the first draft of the offer contained a typographical error showing the amount of the offer to be $500,-000. The offer was accepted and judgment was entered for the latter amount. However, the judgment was set aside by the district court and the federal appellate court affirmed the district court, holding:

Federal Rule of Civil Procedure 60(a) and (b) and general principles of contract law provide firm ground for the district court to exercise its discretion and equitable powers to provide defendant relief. . . .

 Plaintiff nevertheless relies on that portion of *Centric–Jones Co. v. Hufnagel, supra,* holding that an offer of settlement remains open for the entire ten-day period, that there are no exceptions to the irrevocability of the offer of judgment, and that contract principles do not apply to offers of judgment pursuant to § 13–17–202(3). In our view, *Centric–Jones Co.* is not dispositive here. Neither the question of the availability of C.R.C.P. 60(b)(1) to set aside a judgment entered under § 13–17–202(3) nor the asserted presence of a typographical error was before the court in *Centric–Jones Co.*

As noted above, the contents of the July 30 letter were not controverted. The trial court here recognized that defendants' corrected offer was not effective to revoke the July 28 offer of settlement and observed that defendants were not before the court attempting to revoke the July 28, 1993, offer of settlement, but were requesting the court to set aside the judgment subsequently entered.

In light of the undisputed circumstances at issue here, we conclude that this was a situation justifying granting relief from judgment on the grounds of mistake. *See Garland v. Board of County Commissioners,* 660 P.2d 20 (Colo.App.1982) (trial court judgment affirmed even though entered for wrong reason).

Accordingly, the judgment entered on the jury verdict is affirmed.

METZGER and CASEBOLT, JJ., concur.