Wilfredo A. GUEVARA,
Plaintiff–Appellee,

v.

Donald P. FOXHOVEN, Defendant–
Appellant.

No. 95CA1387.

Colorado Court of Appeals,
Div. I.

May 2, 1996.

Rehearing Denied May 30, 1996.

Certiorari Denied Dec. 9, 1996.

Paul S. Edwards & Associates, Fotios M. Burzos, Colorado Springs, McDivitt Law Firm, P.C., Mark E. Young, Colorado Springs, for Plaintiff–Appellee.

Kane & Donley, Mark H. Kane, Jerry A. Donley, Colorado Springs, Heuser & Carr, Gordon J. Heuser, Colorado Springs, for Defendant–Appellant.

Opinion by Judge DAVIDSON.

In this personal injury action, defendant, Donald P. Foxhoven, appeals from the judgment in favor of plaintiff, Wilfredo A. Guevara, and from the denial of a C.R.C.P. 60(b) motion to vacate the judgment. We dismiss the appeal in part and affirm it in part.

In January 1994, the parties were involved in an automobile accident. Approximately one year later, plaintiff filed suit seeking damages against defendant alleging that defendant had been negligent and had caused the accident.

An attorney retained by defendant's insurance carrier entered an appearance on defendant's behalf and answered the complaint. Shortly thereafter, defendant's personal attorney—retained prior to the filing of plaintiff's complaint—together with defendant's insurance attorney, filed an amended answer and counterclaim. The counterclaim mirrored plaintiff's claim and sought damages from plaintiff arising from the accident.

Defendant's insurance attorney then submitted to plaintiff's attorney an offer of settlement in the amount of $1,500 pursuant to the statute then in effect, Colo. Sess. Laws 1990, ch. 100, § 13–17–202(3) at 852–53. The offer was accepted and the trial court subsequently entered judgment on it on March 27, 1995, and dismissed the action with prejudice.

Defendant's insurance attorney then filed a motion to amend the judgment seeking reinstatement of defendant's counterclaim. He asserted that the offer of settlement only went to plaintiff's claim against defendant and was not intended to affect defendant's counterclaim. The trial court denied this motion on May 1, 1995.

Defendant's insurance attorney then moved to set aside the judgment pursuant to C.R.C.P. 60(b)(1) and (5). He again asserted that the offer of settlement was not meant to affect defendant's counterclaim. The trial court denied this motion on July 29, 1995, and defendant filed a notice of appeal on August 14.

I.

At the outset, while neither party addressed this issue, we must determine whether defendant's notice of appeal was timely and, thus, whether we have subject matter jurisdiction over this appeal. To the extent that defendant seeks review of the judgment dismissing the action or the order denying the motion to amend the judgment, we conclude that the appeal must be dismissed.

C.A.R. 4(a) requires that a notice of appeal be filed within 45 days of the entry of the order from which the party appeals. However, if a C.R.C.P. 59 motion is timely filed, the time for filing a notice of appeal commences when the trial court determines the motion or when the motion is deemed denied under the rule. See C.R.C.P. 59(j) and (k); Stone v. People, 895 P.2d 1154 (Colo.App.1995).

Defendant timely filed a motion to amend the trial court's order dismissing the complaint and the trial court denied that motion within the 60–day period permitted under C.R.C.P. 59(j). Thus, defendant had 45 days in which to file a notice of appeal as to the order of dismissal and the order denying the motion to amend. See C.A.R. 4(a). Since defendant did not file his notice of appeal until well after that 45–day period had expired, the appeal is untimely as to these orders, and we must dismiss this part of the appeal. See Widener v. District Court, 200 Colo. 398, 615 P.2d 33 (1980).

However, because an order denying a C.R.C.P. 60(b) motion is appealable independently of an underlying judgment, and the notice of appeal was timely as to the trial court's order denying defendant's motion to set aside the judgment dismissing the action, we may consider this aspect of the appeal. See United Bank v. Buchanan, 836 P.2d 473 (Colo.App.1992).

## II.

Defendant contends that the trial court erred because it did not apply contract principles to determine the intent of the parties and whether there had been a meeting of minds. As discussed, because defendant failed to appeal from the judgment itself, our review of this issue is limited to whether the trial court erred in denying defendant's C.R.C.P. 60(b) motion to set aside the judgment dismissing his counterclaim. On such basis, we find no error.

C.R.C.P. 60(b) provides in pertinent part: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; . . . (5) any other reason justifying relief from the operation of the judgment.

A judgment entered in accordance with § 13–17–202(3) may be vacated under C.R.C.P. 60(b)(1) based on the mistake of a party's legal counsel, *see Domenico v. Southwest Properties Venture,* 914 P.2d 390 (Colo. App.1995) (attorney error in conveying settlement offer constituted mistake), or for inadvertence, surprise, or excusable neglect attributable to a party's legal representative. *See Fidelity Finance Co. v. Groff,* 124 Colo. 223, 235 P.2d 994 (1951).

The conduct of a party's legal representative constitutes excusable neglect when surrounding circumstances would cause a reasonably prudent person similarly to overlook a required act in the performance of some responsibility. *Messler v. Phillips,* 867 P.2d 128 (Colo.App.1993). However, common carelessness and negligence by the party's attorney does not amount to excusable neglect. *Guynn v. State Farm Mutual Auto Insurance Co.,* 725 P.2d 1162 (Colo.App. 1986).

A C.R.C.P. 60(b) motion may not be used to circumvent the 60–day period set forth in C.R.C.P. 59(j) or as a substitute for an appeal. The only exception is when the facts constitute an "extreme situation" in which relief is warranted under C.R.C.P. 60(b)(5), *Sandoval v. Trinidad Area Health Ass'n,* 752 P.2d 1062 (Colo.App.1988), and is unavailable under other clauses of the rule. *McElvaney v. Batley,* 824 P.2d 73 (Colo.App. 1991).

Appellate review of the denial of a C.R.C.P. 60(b) motion is limited to whether the trial court abused its discretion. *Front Range Partners v. Hyland Hills Metropolitan Park & Recreation District,* 706 P.2d 1279 (Colo.1985). A trial court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair. *See Colorado National Bank v. Friedman,* 846 P.2d 159 (Colo.1993).

In denying defendant's C.R.C.P. 60(b) motion, the court distinguished this court's decision in *Domenico v. Southwest Properties Venture, supra.* It then concluded, relying on *Centric–Jones Co. v. Hufnagel,* 848 P.2d 942 (Colo.1993), that because the offer of settlement was irrevocable for 10 days and was timely accepted during that period, judgment was required to be entered against defendant pursuant to § 13–17–202(3). We find no abuse of discretion in this determination.

The offer of settlement made by defendant's insurance attorney was unambiguous and unconditional. It provided in pertinent part as follows:

COMES NOW the Defendant, . . . and pursuant to § 13–17–202(3), C.R.S., as amended, submits to Plaintiff this Offer of Settlement in the amount of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500.00).

The offer did not purport to address fewer than all of the claims between the parties. In addition, there is no indication that defendant's insurance attorney, as one of the attorneys of record, lacked authority to make an offer of settlement pursuant to § 13–17–202(3) on behalf of defendant.

As the trial court observed, the "mistake" made by defendant's insurance attorney was not a simple typographical error like the one made in *Domenico v. Southwest Properties Venture, supra.* Rather, it was more akin to the failure of defendant's insurance attorney to follow the procedures set forth in § 13–17–

202(3) which permitted a party to "serve upon the adverse party an offer of settlement to the *effect specified in his offer* ...." (emphasis added).

In *McElvaney v. Batley, supra,* a division of this court held that counsel's failure to follow C.R.C.P. 41(b)(3), which required the party to specify whether the requested dismissal was with or without prejudice, precluded relief, on the grounds of excusable neglect, from an order dismissing the action without prejudice. Thus, because the offer did not state that it only went to plaintiff's claim and did not affect the counterclaim, this situation is indistinguishable from the one described in *McElvaney v. Batley, supra.*

We also reject defendant's contention that, under C.R.C.P. 60(b)(5), the trial court erred in refusing to set aside its dismissal of his counterclaim because the counterclaim was not precluded by the insurer's settlement with plaintiff. Defendant postulates as a general rule that a liability insurer's settlement of a claim made without the insured's consent will not ordinarily bar an action by the insured against the person receiving the settlement. However, even if we assume the existence of such rule in Colorado, as well as its applicability to a statutory offer of settlement, such would not create the type of extreme factual situation allowing extraordinary relief under C.R.C.P. 60(b)(5).

Here, the offer was made in strict compliance with § 13–17–202(3). Nothing indicates that the attorney making the offer did not have full authority to do so, and from the very nature of the claims—mirror-image allegations of simple negligence arising from a single motor vehicle accident—we fail to see how the otherwise valid settlement of plaintiff's claim would not, *ipso facto,* operate as a settlement of defendant's counterclaim.

Moreover, the relief sought by defendant would permit an unambiguous statutory offer of settlement to be subject to post-judgment interpretation. Such a result appears to have been rejected by the supreme court in *Centric–Jones Co. v. Hufnagel, supra,* 848 P.2d at 946, in which the court determined that an offer of settlement pursuant to § 13–17–202(3) "invokes a special statutory pro-cess spelled out in clear and unambiguous language which can and should be enforced without engrafting contract principles onto it." *See also Martin v. Minnard,* 862 P.2d 1014 (Colo.App.1993).

Therefore, under these circumstances, we conclude that defendant failed to establish a basis for relief under C.R.C.P. 60(b)(1) or (5). Accordingly, the trial court did not abuse its discretion in refusing to set aside the judgment dismissing his counterclaim.

The appeal as to the underlying judgment is dismissed and the order is affirmed.

METZGER and RULAND, JJ., concur.