**BLAZER ELECTRIC SUPPLY COMPANY, Plaintiff–Appellee,**

and

**Christine Pacheco–Koveleski, Trustee in Bankruptcy, Appellee,**

v.

**Julius BERTRAND, Defendant–Appellant.**

No. 97CA0462.

Colorado Court of Appeals, Div. I.

Jan. 22, 1998.

Samelson, Dodge & Currey, P.C., Kirk S. Samelson, Colorado Springs, for Plaintiff–Appellee.

Pearlman & Dalton, P.C., Virginia M. Dalton, Denver, for Appellee.

Julius Bertrand, Pro Se.

Opinion by Judge TAUBMAN.

Defendant, Julius Bertrand, appeals from the trial court's order denying his C.R.C.P. 60(b) motion seeking to set aside a final judgment previously entered against him in favor of plaintiff, Blazer Electric Supply Company (Blazer). We affirm.

Following a trial to the court at which Bertrand failed to appear or participate, the trial court entered judgment in favor of Blazer and against Bertrand on the merits of the action. Shortly before trial, Bertrand unsuccessfully attempted to remove the case to federal court, and thereafter made no contact with the trial court until filing his C.R.C.P. 60(b) motion for relief from the judgment several months later.

In his motion, Bertrand requested the court to set aside the judgment pursuant to C.R.C.P. 60(b)(1), C.R.C.P. 60(b)(3), and C.R.C.P. 60(b)(5), based primarily on his allegations to the effect that the removal proceedings were still pending in federal court at the time of trial, rendering the judgment void and his failure to appear on that basis excusable. The trial court denied this motion, and this appeal followed.

Here, the record reveals that the trial was held on July 2, 1996, and the judgment was entered the following day. Bertrand's petition for removal was filed in the federal district court on June 13, 1996. The federal district court entered an order of remand on June 20, 1996, remanding the case to the state court. The federal district court's order of remand was entered in accordance with 28 U.S.C. § 1447(d) based upon lack of federal jurisdiction. It was filed in the trial court on June 26, 1996.

Bertrand thereupon filed a motion for reconsideration of this order of remand in federal district court on June 28, 1996, prior to the scheduled trial date. That motion was summarily denied by the federal district court in an order dated July 5, 1996, after the trial in the state court had been completed.

We reject all of Bertrand's contentions of error on appeal and perceive no error in the trial court's ruling denying post-judgment relief under any of the various C.R.C.P. 60(b) grounds asserted.

I.

First, we reject Bertrand's contention that the judgment is void because it was entered while the removal proceedings were still pending before the federal district court and, therefore, must be set aside pursuant to C.R.C.P. 60(b)(3).

Whether a state district court has jurisdiction to proceed with a trial after the federal district court enters an order remanding the case to state court, but while a motion for reconsideration is pending in the federal court, is a question which has not been addressed by the Colorado courts.

Resolution of this issue turns on the interpretation of federal statutes. That is so because the interpretation of the federal removal statutes determines when a state court reassumes jurisdiction following the remand of a case which had originally been removed from state court to federal court.

Under 28 U.S.C. § 1446(d)(1994), upon the commencement of removal proceedings in a civil action, the state court "shall proceed no further unless and until the case is remanded." However, if the removal attempt has been unsuccessful and a certified copy of the federal court order of remand has been mailed to the state court, 28 U.S.C. § 1447(c)(1994) expressly provides that the state court "may thereupon proceed with such case."

Further, 28 U.S.C. § 1447(d) provides:

An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise except that an order remanding a case to the State court from which it was removed pursuant to § 1443 of this title shall be reviewable by appeal or otherwise.

The language of this provision is clear; except in cases removed under 28 U.S.C. § 1443 (1994) (civil rights actions), remand orders are not reviewable on appeal or otherwise. *City of Valparaiso, Indiana v. Iron Workers Local Union No. 395,* 118 F.R.D. 466 (N.D.Ind.1987).

Further, in *Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 116 S.Ct. 494, 133

L.Ed.2d 461 (1995), the United States Supreme Court held that as long as a federal district court's remand is based on a timely raised defect in removal procedure or on lack of subject matter jurisdiction—the grounds for remand recognized by § 1447(c)—a federal court of appeals lacks jurisdiction to entertain an appeal of a remand order under 28 U.S.C. § 1447(d) (1994). Thus, when a federal district court remands a removed case to state court because of a timely raised defect in removal procedure or a lack of federal subject matter jurisdiction, such federal district court remand order may not be appealed. *Cf. Quackenbush v. Allstate Insurance Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996) (an abstention-based remand order is not based upon lack of subject matter jurisdiction or defects in removal procedure and, thus, is appealable under the collateral order doctrine; 28 U.S.C. § 1447(d) does not apply in such circumstances).

Several federal courts have reached a similar conclusion with respect to the precise issue presented here, holding that federal district courts lack jurisdiction to consider motions for reconsideration filed following the issuance of a remand order. *Hughes v. General Motors Corp.*, 764 F.Supp. 1231 (W.D.Mich.1990) (28 U.S.C. § 1447(d) has been universally construed to preclude not only appellate review but also reconsideration by the district court; once a federal district court certifies a remand order to state court, it is divested of jurisdiction and can take no further action on the case); *City of Valparaiso, Indiana v. Iron Workers Local Union No. 395, supra*, 118 F.R.D. at 468 ("it is universally held that once a federal district court remands a case and mails a certified copy of its order to the state court, the federal district court loses all jurisdiction even if it later changes its mind"); *Eby v. Allied Products Corp.*, 562 F.Supp. 528 (N.D.Ind.1983) (federal district court is without power to vacate an order to remand, even if it is persuaded that the order was erroneous).

■ We adopt the reasoning in these cases and conclude that where, as here, a federal district court's order of remand has been mailed to and received by the state court, the state court reacquires jurisdiction to proceed, and the federal court no longer has jurisdiction to consider a motion for reconsideration. *Eby v. Allied Products Corp., supra;* 14A Wright, Miller & Cooper *Federal Practice & Procedure* § 3739 (2d ed.1985).

Under the legal principles described above, once the order of remand was filed in the trial court on June 26, 1996, the trial court reacquired jurisdiction, and, pursuant to federal law, the federal court no longer had authority to consider Bertrand's motion for reconsideration of the federal district court's order of remand. Consequently, the trial court had jurisdiction to proceed with the trial on July 2, 1996, and the judgment here is not void for lack of jurisdiction.

## II.

■ As to the other grounds for relief under C.R.C.P. 60(b), we note that the moving party has the burden of establishing the grounds for such relief by clear, strong, and satisfactory proof. Further, the determination of such a motion is committed to the sound discretion of the trial court, and its decision may not be disturbed on appellate review absent a clear abuse of that discretion. *See Dunton v. Whitewater West Recreation, Ltd.*, 942 P.2d 1348 (Colo.App.1997); *Guevara v. Foxhoven*, 928 P.2d 793 (Colo. App.1996).

### A.

■ As to C.R.C.P. 60(b)(1), we reject Bertrand's contentions that his failure to appear for trial based on his alleged belief that the removal proceedings were still pending in federal court at that time constituted excusable neglect that warrants relief from the judgment. To the contrary, we perceive no abuse of discretion in the trial court's denial of post-judgment relief under C.R.C.P. 60(b)(1).

Here, as noted by the trial court, Bertrand not only failed to appear and participate at trial, but he also failed to seek a continuance or to make any contact with the trial court for several months to make his positions known. Moreover, Bertrand's knowledge

that the case had been remanded to the state court prior to the trial date is shown by his action in filing the motion for reconsideration in the federal court.

Under these circumstances, regardless of whether Bertrand may have had or shown a meritorious defense to the action, we agree with the trial court that he failed to establish excusable neglect for his inaction, which is sufficient by itself to sustain the denial of defendant's motion on C.R.C.P. 60(b)(1) grounds. *See Dunton v. Whitewater West Recreation, Ltd., supra* (upholding denial of post-judgment relief under C.R.C.P. 60(b)(1) based on failure to establish excusable neglect, despite meritorious defense); *Herrera v. Anderson,* 736 P.2d 416 (Colo.App.1987) (no abuse of discretion in trial court's denial of motion to set aside judgment where defendant not only failed to appear for trial, but also failed to obtain a continuance).

### B.

We also reject Bertrand's arguments that post-judgment relief is warranted here under C.R.C.P. 60(b)(5).

C.R.C.P. 60(b)(5) is a residual provision that has been construed narrowly so as to allow relief only in "extraordinary circumstances" or "extreme situations." We perceive no such circumstances here, and no abuse of discretion in the trial court's denial of Bertrand's motion on these grounds. *See Dunton v. Whitewater West Recreation, Ltd., supra; Guevara v. Foxhoven, supra.*

In light of this disposition of the issues, we need not address the remaining contentions of the parties.

The order is affirmed.

METZGER and PLANK, JJ., concur.