**CENTENNIAL BANK OF THE WEST, Plaintiff–Appellee,**

v.

**Gayla M. TAYLOR, Defendant–Appellant.**

No. 05CA0913.

Colorado Court of Appeals,
Div. IV.

Aug. 10, 2006.

Witwer, Oldenburg, Barry & Johnson, LLP, John J. Barry, Greeley, Colorado, for Plaintiff–Appellee.

Fonfara Law Offices, Joseph P. Fonfara, Fort Collins, Colorado, for Defendant–Appellant.

Opinion by Judge J. JONES.

Defendant, Gayla M. Taylor, appeals from the trial court's order denying her C.R.C.P. 60(b) motion seeking relief from a summary judgment entered against her in favor of plaintiff, Centennial Bank of the West.

## I. Background

The Bank brought this action against several parties to recover the unpaid balances on two promissory notes. The Bank's third amended complaint sought judgments against Taylor for the balance due on the earlier note and against Taylor and her husband, one of the other defendants, to invalidate a fraudulent conveyance between them.

On February 2, 2004, the Bank mailed a first set of requests for admissions and other discovery requests to Taylor's counsel. In March 2004, the Bank's counsel agreed to a request by Taylor's counsel for an extension of time to respond for a "few weeks." Taylor's counsel, however, did not file a motion for an extension of time with the trial court. On June 3, 2004, having received no response to the Bank's first set of written discovery requests, the Bank's counsel mailed a second set of requests for admissions and other discovery requests to Taylor's counsel, seeking specific admissions from Taylor sufficient to support a judgment against her on the Bank's claims.

On July 30, 2004, still having received no response from Taylor to either set of written discovery requests, the Bank filed a motion

for summary judgment, based in part on Taylor's failure to answer the Bank's requests for admissions. *See* C.R.C.P. 36(a) (providing that matters set forth in such requests are deemed admitted unless a party serves denials upon the requesting party within thirty days).

On August 16, 2004, in her response opposing this motion, Taylor asserted that she was then sending to the Bank her responses to the first set of written discovery requests and that there were genuine issues of material fact to be resolved. Chief among those issues was her allegation that the Bank had orally agreed to a request to apply a payment (derived from the sale of collateral securing the notes) to the earlier note, on which she was liable, but had instead applied it to the later note, on which she was not liable. Taylor further asserted that her counsel had not received the second set of written discovery requests until the Bank's summary judgment motion was received, and that responses to the second set of written discovery requests would be sent to the Bank "shortly." In essence, Taylor argued that she should be spared the operation of C.R.C.P. 36(a).

The Bank filed its reply about a week later, stating that it had not yet received responses to any of its written discovery requests.

On November 18, 2004, the trial court granted the Bank's motion for summary judgment on its claims against Taylor. The trial court found that she had not provided responses to either set of the Bank's written discovery requests, and ruled that the requests for admissions in the second set were deemed admitted by virtue of her failure to respond. *See* C.R.C.P. 36(a). Taylor did not appeal that judgment.

On January 19, 2005, Taylor, acting through her counsel, filed a motion for relief from the judgment pursuant to C.R.C.P. 60(b)(1) and 60(b)(5) based on alleged inadvertence, excusable neglect, and "material compliance" with the written discovery requests. Specifically, Taylor asserted that she had responded to the Bank's first set of written discovery requests in August 2004, and that her responses set forth a meritori-ous defense to the Bank's claims—that is, the oral agreement regarding the application of a payment.

Taylor's counsel also stated (for the first time) that he had experienced health problems in the spring and summer of 2004, culminating in surgery, that had caused delays in this matter. Taylor's counsel again asserted that Taylor herself had never received the second set of written discovery requests from him through no fault on her part, and that she would have responded to these requests if she had been aware of them. The substance of Taylor's arguments was that she should not be deemed to have admitted the Bank's requests for admissions. Taylor did not contend that the manner in which her counsel had responded to the Bank's summary judgment motion justified relief under C.R.C.P. 60(b).

In response, the Bank acknowledged that it had received some responses to the first set of written discovery requests after the filing of its reply in support of its summary judgment motion, but stated that Taylor had still failed to submit any responses to the second set of written discovery requests.

The trial court denied Taylor's motion, rejecting her arguments for relief under C.R.C.P. 60(b)(1) and 60(b)(5). The trial court ruled that most of Taylor's arguments were "essentially the same" as previously raised in opposition to the Bank's summary judgment motion. The trial court further ruled that Taylor's counsel's assertions of ill health were insufficient to justify Taylor's "egregious failure to respond to discovery." Taylor now appeals from that order.

## II. Discussion

■ Taylor contends that the trial court abused its discretion in denying her C.R.C.P. 60(b) motion for relief from the summary judgment under the foregoing circumstances. We perceive no reversible error in the trial court's ruling.

■ As the moving party, Taylor had the burden of establishing the grounds for relief under C.R.C.P. 60(b)(1) or 60(b)(5) by clear, strong, and satisfactory proof. Also, the de-

termination of such a motion is committed to the sound discretion of the trial court, and its decision may not be disturbed on appellate review absent a clear abuse of that discretion. *Blazer Elec. Supply Co. v. Bertrand,* 952 P.2d 857, 859 (Colo.App.1998). A trial court abuses its discretion if its decision is manifestly arbitrary, unreasonable, or unfair. *Guevara v. Foxhoven,* 928 P.2d 793, 795 (Colo.App.1996).

We need not assess whether Taylor satisfied the requirements of C.R.C.P. 60(b)(1) and 60(b)(5) because we conclude that her motion was not properly brought under C.R.C.P. 60(b). As the district court noted, the arguments she raised in her postjudgment motion were largely the same arguments she raised in opposing the Bank's summary judgment motion. Her new arguments similarly challenged the application of C.R.C.P. 36(a) to her failure timely to respond to the Bank's requests for admissions. Her postjudgment motion did not seek relief from the summary judgment based on excusable neglect or other justification related to her opposition to the motion for summary judgment. Instead, Taylor's postjudgment motion was an attack on the merits of the summary judgment order.

■■■■ Other divisions of this court have held that a C.R.C.P. 60(b) motion may not be used as a substitute for a timely appeal and that an appeal from the denial of a C.R.C.P. 60(b) motion does not bring up the underlying final judgment for review. *Guevara v. Foxhoven, supra,* 928 P.2d at 795; *E.B. Jones Constr. Co. v. City & County of Denver,* 717 P.2d 1009, 1013–14 (Colo.App.1986); *see also* 11 Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice and Procedure* § 2851 (2d ed.1995); 12 James Wm. Moore et al., *Moore's Federal Practice* § 60.68[3] (3d ed.2006). Thus, "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.,* 214 F.3d 798, 801 (7th Cir.2000) (applying similar Fed.R.Civ.P. 60(b) ). Otherwise, a party could reargue the merits of the summary judgment in the trial court long after the judgment became final, and could obtain appellate review of the underlying summary judgment even though the party had not timely appealed from that judgment.

Here, Taylor essentially seeks to challenge the trial court's application of C.R.C.P. 36(a) in entering summary judgment. She had two opportunities to do so: first, in her response to the Bank's motion for summary judgment, an opportunity that she took; and second, through an appeal from the summary judgment, an opportunity that she did not take. C.R.C.P. 60(b) is not intended as a vehicle to allow her a "do-over" of the first opportunity or to rescue her from her decision not to avail herself of the latter opportunity. *Cf. Bell v. Eastman Kodak Co., supra,* 214 F.3d at 800–01 (Fed.R.Civ.P. 60(b) motion could not be used to argue that the court had made a mistake in entering summary judgment); *Morris v. Adams–Millis Corp.,* 758 F.2d 1352 (10th Cir.1985) (party could not attack merits of order assessing attorney fees through Fed.R.Civ.P. 60(b) motion alleging mistake, inadvertence, or excusable neglect); *Fairbanks Capital Corp. v. Richards,* 2006 WL 62571 (Ohio Ct.App. No. 86173, Jan. 12, 2006) (Rule 60(b) motion that merely raises matters directly involved in the summary judgment is an improper attempt to substitute for appeal); *Franklin Covey Client Sales, Inc. v. Melvin,* 2 P.3d 451 (Utah Ct.App.2000) (Rule 60(b) may not be used as a "back door" to a direct appeal of an underlying summary judgment; moving party merely alleged errors in the entry of summary judgment).

## III. Conclusion

In view of our disposition of the issues, we need not address the parties' remaining contentions.

The trial court's order denying postjudgment relief under C.R.C.P. 60(b) is affirmed.

Judge CASEBOLT and Judge CARPARELLI concur.