23CA2229 Gottorff v BOCC Gunnison Cnty 01-30-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2229
Gunnison County District Court No. 21CV30043
Honorable J. Steven Patrick, Judge

---

Board of County Commissioners of the County of Gunnison Colorado,

Plaintiff-Appellee,

v.

David Joseph Gottorff,

Defendant-Appellant.

---

ORDERS AFFIRMED

Division I
Opinion by JUDGE J. JONES
Brown and Yun, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 30, 2025

---

Matthew R. Hoyt, County Attorney, Alex San Filippo-Rosser, Deputy County Attorney, Sammy Obaid, Assistant County Attorney, Gunnison, Colorado; Nathan Dumm & Mayer P C, Bernard Woessner, Denver, Colorado, for Plaintiff-Appellee

David Joseph Gottorff, Pro Se

¶ 1     Defendant, David Joseph Gottorff, appeals the district court's orders denying his C.R.C.P. 60(b) motion for relief from several of the court's previous orders in favor of plaintiff, the Gunnison County Board of County Commissioners (the County).  We affirm.

## I.     Background

¶ 2     In 2021, the County filed suit seeking a declaratory judgment and an injunction against Gottorff, alleging that his property violated the County's On-Site Wastewater Treatment System (OWTS) and building codes because of inadequate sewage treatment infrastructure.  Through counsel, Gottorff counterclaimed, asserting that applying the County's codes to his property would amount to an unconstitutional taking.

¶ 3     After Gottorff's counsel withdrew in August 2022, the County moved for summary judgment on Gottorff's counterclaim and for partial summary judgment on its claim that his property violated the County's OWTS and building codes.  Gottorff proceeded pro se until December 2022, when he obtained new counsel — Mr. Quigley and Mr. Foster — who purported to represent him in a limited capacity regarding the County's summary judgment and partial

summary judgment motions. The district court granted the County's motions the following month.

¶ 4    In May 2023, the court issued an order on remedies, adopting the County's proposed steps and timeline for Gottorff to comply with the County's codes.[1] The County then submitted a bill of costs, to which Gottorff didn't respond. The court awarded costs to the County in June 2023 and entered judgment on its order on costs in August 2023.

¶ 5    In September 2023, Gottorff filed a pro se C.R.C.P. 60(b) motion seeking relief from the court's May 2023 order on remedies, June 2023 order on costs, and August 2023 order for entry of judgment based on excusable neglect. *See* C.R.C.P. 60(b)(1). He argued that he would have timely appealed these orders but failed to do so because he hadn't timely received them.

---

[1] The judgment in this case became final when the court ordered remedies in May 2023. In its previous order granting partial summary judgment on the County's claim for declaratory relief, the court had determined that "[t]here is no genuine dispute regarding [Gottorff]'s continuing violations of the OWTS code and the building code. . . . The sole remaining issues for trial are the appropriate remedies for [Gottorff]'s violations."

2

¶ 6     The court found service of Gottorff's C.R.C.P. 60(b) motion defective and ordered him to file an amended certificate of service within twenty-one days.  Having not received Gottorff's amended certificate by its requested deadline, the court dismissed his motion on November 3, 2023.

¶ 7     Three days later, Gottorff filed his amended certificate of service with the court.  The court construed it as a C.R.C.P. 59 motion to reconsider its November 3, 2023, order and denied the motion on November 22, 2023.  It reasoned that Gottorff's failure to effect a timely, valid certificate of service and demonstrate excusable neglect "compels confirmation of the prior dismissal."

## II.    Discussion

¶ 8     Gottorff sought to appeal "any and all" of the district court's orders in this case, but our review is limited to the court's November 3, 2023, and November 22, 2023, orders because he failed to timely appeal the others.  *Gottorff v. Bd. of Cnty. Comm'rs*, (Colo. App. No. 23CA2229, Mar. 4, 2024) (unpublished order) (dismissing with prejudice Gottorff's appeal as untimely as to all orders except the November 3, 2023, and November 22, 2023,

orders); *see also In re Marriage of Buck*, 60 P.3d 788, 790 (Colo. App. 2002) (filing a Rule 60 motion doesn't extend the time for filing a notice of appeal challenging the judgment).

¶ 9 Accordingly, we address only whether the court erred by denying Gottorff's C.R.C.P. 60(b) motion for relief from its previous orders on remedies and costs based on excusable neglect. Gottorff's remaining arguments — which challenge the merits of the court's orders dismissing his counterclaim, granting partial summary judgment in the County's favor, determining remedies, and awarding costs — aren't properly before us, nor may he use C.R.C.P. 60(b) as a back door to directly appeal those orders. *See Guevara v. Foxhoven*, 928 P.2d 793, 795 (Colo. App. 1996) ("[B]ecause defendant failed to appeal from the judgment itself, our review of this issue is limited to whether the trial court erred [by] denying defendant's C.R.C.P. 60(b) motion to set aside the judgment . . . ."); *Centennial Bank of the W. v. Taylor*, 143 P.3d 1140, 1142 (Colo. App. 2006) (a C.R.C.P. 60(b) motion may not challenge the merits of the underlying judgment).

### A. Governing Law and Standard of Review for C.R.C.P. 60(b) Motions

¶ 10 C.R.C.P. 60(b)(1) permits a district court to relieve a party from a final judgment or order based on excusable neglect. "A party's conduct constitutes excusable neglect when the surrounding circumstances would cause a reasonably careful person similarly to neglect a duty. Common carelessness and negligence do not amount to excusable neglect." *Tyler v. Adams Cnty. Dep't of Soc. Servs.*, 697 P.2d 29, 32 (Colo. 1985) (citation omitted).

¶ 11 The party seeking relief under C.R.C.P. 60(b) bears the burden of establishing grounds for relief by clear and convincing evidence. *Goodman Assocs., LLC v. WP Mountain Props., LLC*, 222 P.3d 310, 315 (Colo. 2010).

¶ 12 We review a district court's denial of a C.R.C.P. 60(b) motion for an abuse of discretion. *Gold Hill Dev. Co., L.P. v. TSG Ski & Golf, LLC*, 2015 COA 177, ¶ 65. A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair, or based on a misunderstanding or misapplication of the law. *Id.*

## B.    The Court's November 3, 2023, Order

¶ 13    Gottorff included the following certificate of service in his C.R.C.P. 60(b) motion:

4.    **Certificate of Service**

I certify that on *(enter date)* __9/13/23__ , I gave a copy of this document to the other parties by: *(select at least one)*

☒ Colorado Courts E-Filing.    *(Only available for lawyers.)*
☐ Email or Fax to: _____.
☐ Regular Mail, addressed to: *(name, full address)*    ☐ Hand Delivery, to: *(name, place)*
  1) _____.
  2) _____.
  3) _____.

¶ 14    On October 9, 2023, the district court found service of Gottorff's motion defective because "[s]ervice through Colorado E-File can only be completed by attorneys, not pro se litigants."  It ordered Gottorff to file an amended certificate of service within twenty-one days and warned him that his "[f]ailure . . . to follow this order may result in this motion being denied."  *See* C.R.C.P. 5(d) ("All papers after the initial pleading required to be served upon a party [under C.R.C.P. 5(a)], together with a certificate of service, must be filed with the court within a reasonable time after service.").

6

¶ 15     On November 3, 2023, the court dismissed Gottorff's motion because it hadn't received his amended certificate of service by the deadline it had set.

¶ 16     Gottorff contends that he properly served his motion because the County's counsel was registered for E-Filing. *See* C.R.C.P. 5(b)(2)(D) ("Parties who have subscribed to E-Filing . . . have agreed to receive E-Service."). But Gottorff wasn't authorized to E-File his motion because the Colorado Supreme Court hasn't made E-Filing available for non-attorneys in most civil cases, including cases like this one. Colo. Jud. Branch, *E-Filing for Non-Attorneys*, https://perma.cc/2RU9-9AMZ (E-Filing is available for non-attorneys only in domestic relations and eviction cases); *see* C.R.C.P. 121, § 1-26(2) (the Colorado Supreme Court determines the availability of E-Filing). The E-Filing option in Gottorff's certificate of service even included the restriction, "*Only available for lawyers.*" Therefore, the court correctly determined that Gottorff didn't properly serve his motion and acted within its discretion by dismissing his motion on this basis. *See* C.R.C.P. 5(a), (d); *Negron v. Golder*, 111 P.3d 538, 541-42 (Colo. App. 2004) (affirming the

denial of a pro se defendant's motion for default judgment because he failed to serve the attorney general); *see also Negron*, 111 P.3d at 541 ("[P]ro se litigants are bound by the same rules of civil procedure as attorneys licensed to practice law in this state.").

### C. The Court's November 22, 2023, Order

¶ 17 As discussed, the district court received Gottorff's amended certificate of service three days after issuing its November 3, 2023, order. The court construed it as a C.R.C.P. 59 motion to reconsider that order. *See United Bank of Boulder, N.A. v. Buchanan*, 836 P.2d 473, 475 (Colo. App. 1992) (construing a C.R.C.P. 59 motion as a request to reconsider the denial of a C.R.C.P. 60(b) motion). The court denied the motion on November 22, 2023, reasoning that Gottorff's failure to timely file a valid certificate of service and demonstrate excusable neglect "compels confirmation of the prior dismissal."

¶ 18 Gottorff contends that he timely submitted a valid certificate of service because he wrote the following in his amended certificate:

> On October 27, 2023[,] the Defendant's
> father, . . . acting under the authority granted
> in a notarized power of attorney, obtained a
> copy of the Defendant's Motion For Relief

8

> Pursuant [to] C.R.C.P. 60 from the Gunnison Court Clerk and emailed the Motion for Relief Pursuant to C.R.C.P[.] 60 to the [County's attorney] from [Gottorff's email address].
>
> . . . .
>
> I certify that on the 27th day of October, 2023[,] that a true and correct copy of the Defendant's [C.R.C.P. 60 motion] was emailed to [the County's attorney] and that a true and correct copy of this "Amended Certificate of Service" was deposited in the U.S. Mail, postage pre-paid and addressed to [the County's attorney].

But Gottorff lacked firsthand knowledge of his motion's service; merely asserting that his father emailed his motion to the County's attorney on his behalf wasn't sufficient. *See* Advisory Committee Note to the 1991 Amendment to Fed. R. Civ. P. 5(d) ("[Subdivision d] is amended to require that the person making service under the rule certify that service has been effected.").[2]  Moreover, Gottorff didn't file his amended certificate of service with the court until November 6, 2023 — a week after the court's deadline.  Because Gottorff failed to comply with the court's order to cure defective

---

[2] Because C.R.C.P. 5(d) and Fed. R. Civ. P. 5(d) are, in relevant part, substantially similar, we may look to authority construing the federal rule for guidance.  *Garrigan v. Bowen,* 243 P.3d 231, 235 (Colo. 2010).

service, we don't see any abuse of discretion in the court's denial of his motion on this basis.

¶ 19    Gottorff also contends that the court erroneously determined that he failed to show excusable neglect as to warrant relief under C.R.C.P. 60(b).  We disagree.

¶ 20    As noted, Gottorff argued in his C.R.C.P. 60(b) motion that he would have timely appealed the court's orders on remedies and costs but failed to do so because he hadn't timely received them.  The court instead appears to have sent them to Mr. Quigley and Mr. Foster, who purported to represent Gottorff in a limited capacity in December 2022 regarding the County's summary judgment and partial summary judgment motions.  *See* C.R.C.P. 11(b).[3]

¶ 21    But the court received conflicting information about the extent of Mr. Quigley's and Mr. Foster's representation.  Their first motion included the caption "Attorney[s] for Defendants," said that Gottorff moved "by and through his attorneys of record," and included

---

[3] To the extent Gottorff argues that his failure to timely file responsive pleadings resulted from excusable neglect, we reject his argument because he doesn't assert that he failed to receive the County's filings resulting in the court's May 23, 2023, June 22, 2023, and August 21, 2023, orders.

"Counsel for Defendant" under the attorneys' signatures. As a result, the court entered Mr. Quigley and Mr. Foster into the E-Filing system as Gottorff's attorneys of record.

¶ 22 Gottorff asserts that Mr. Quigley and Mr. Foster no longer represented him after the court dismissed his counterclaim and granted partial summary judgment in the County's favor in January 2023. But the court can't be faulted for sending subsequent orders to Mr. Quigley and Mr. Foster because, as far as it knew, they remained Gottorff's attorneys of record. They never withdrew from the case or filed a notice of completion of limited appearance, *see* C.R.C.P. 121, § 1-1(5), and the court's E-Service history shows that Mr. Quigley received and read the May 2023 order on remedies and the August 2023 order for entry of judgment on costs.

¶ 23 Even accepting as true Gottorff's assertion that Mr. Quigley and Mr. Foster no longer represented him, it was his obligation to keep the court abreast of changes to his representation status and contact information. Gottorff claims that he did so in January 2023 by asking the court to contact him by email, and that he relied thereafter on the court's "statement and practice of serving [him]

11

orders . . . to his email as he had requested." But the record shows only that Gottorff "indicated he is only getting his mail sporadically[,] and the Court will send a copy of the Order on the Summary Judgment . . . to his email address." The court didn't tell Gottorff that it would send copies of subsequent orders to his email address — nor was it under any obligation to do so. Gottorff's reliance was therefore misplaced.

¶ 24    Gottorff should have updated the court with his contact information and monitored the court's docket to stay informed of any new activity; his failure to do so resulted from common carelessness, not excusable neglect. *See In re Weisbard*, 25 P.3d 24, 26 (Colo. 2001); *Alexander v. Saul*, 5 F.4th 139, 150 (2d Cir. 2021) ("Our court and the district courts in our circuit have rejected claims of excusable neglect from litigants who missed deadlines because they failed to keep their counsel, the court, or other parties apprised of their contact information."); *see also Yeschick v. Mineta*, 675 F.3d 622, 629-30 (6th Cir. 2012) (Counsel's neglect in not updating his email address on file with the court or checking the docket wasn't excusable because "parties have an affirmative duty

to monitor the dockets to keep apprised of the entry of orders that they may wish to appeal.").

¶ 25    Furthermore, the district court would have lacked authority to grant Gottorff's requested relief.  In his C.R.C.P. 60(b) motion, Gottorff requested "relief from the court's [orders on remedies and costs] so that he may file an appeal as he had previously stated to the court he intended to do, but was unable to do since he was not served the court's orders in a timely manner."  But a district court has no authority to grant an extension of time for filing a notice of appeal under C.A.R. 4(a); such authority is vested solely in the appellate court.  *SMLL, L.L.C. v. Daly*, 128 P.3d 266, 270 (Colo. App. 2005); *Collins v. Boulder Urb. Renewal Auth.*, 684 P.2d 952, 954 (Colo. App. 1984).  Gottorff didn't challenge this jurisdictional bar in his C.R.C.P. 60(b) motion and doesn't challenge it on appeal.

¶ 26    In sum, we don't see any abuse of discretion in the court's November 22, 2023, order denying what it construed as Gottorff's C.R.C.P. 59 motion to reconsider its November 3, 2023, order dismissing his C.R.C.P. 60(b) motion for relief.

### III. Disposition

¶ 27    The orders are affirmed.

JUDGE BROWN and JUDGE YUN concur.